## BRANDSRUD, Appellant, v. BEATTIE STEINBORN CO., Respondent

### (50 N. W.2d 639)

(File No. 9261.  Opinion filed December 28, 1951)
Rehearing denied February 18, 1952

**Gene McDonnell,** Sioux Falls, for Plaintiff and Appellant.

**Davenport, Evans, Hurwitz & Smith,** Sioux Falls, for Defendant and Respondent.

SMITH, J.  In this action for damages for personal injuries alleged to have been caused by the negligence of the defendant, the trial court denied defendant's motion for a directed verdict at the close of the testimony, and submitted the issues to the jury, but after the jury disagreed and was discharged, it granted the defendant's motion for judgment notwithstanding such disagreement, and entered judgment

accordingly. The appeal is from the judgment, and the contention is that the court exceeded its jurisdiction in so entering judgment.

■ The power of our courts to enter judgment notwithstanding the verdict is limited by SDC 33.1705. Kerr v. Staufer, 59 S. D. 83, 238 N.W. 156. Cf. Warwick v. Bliss, 45 S. D. 388, 187 N.W. 715. The controlling language reads as follows:

"In all cases where at the close of the testimony in the case tried, a motion is made by either party to the suit requesting the trial court to direct a verdict in favor of the party making such motion, which motion was denied, the trial court on motion made, that judgment be entered notwithstanding the verdict, or on motion for a new trial, may order judgment to be entered in favor of the party who was entitled to have a verdict directed in his or its favor.

"The Supreme Court on appeal from an order granting a new trial, or upon a review of an order denying a new trial in the action in which such motion was made, or on appeal from the judgment, may order and direct judgment to be entered in favor of the party who was entitled to have such verdict directed in his or its favor, whenever it shall appear from the testimony that the party was entitled to have such motion granted." SDC 33.1705.

In support of the ruling of the trial court, defendant's counsel assert that the purpose of the foregoing provision is to clothe the court with power to review its ruling on the motion for a directed verdict in furtherance of justice and to avoid unnecessary retrials, and that such purpose can only be made completely effective by an interpretative holding that the power to enter judgment notwithstanding a disagreement of the jury is fairly to be understood although not expressed. In support of this view they cite Domarek v. Bates Motor Transport Lines, 7 Cir., 93 F.2d 522; and Persin v. City of Youngstown, Ohio App., 95 N.E.2d 237.

■■ Unless SDC 33.1705 has the scope defendant's counsel suggests, important rights accrued to the plaintiff upon the disagreement and discharge of the jury. The court could not and did not reserve decision on the motion for a

directed verdict. SDC 33.1314 provides, "The Court shall decide the issue raised by such motion before submitting the case to the jury." In discharging the jury the court said, "* * * if you feel that there is no prospect of reaching an agreement, why perhaps we better call what we call a mistrial and be back where we started yesterday morning." In such circumstances the case was for retrial "immediately or at a future time, as the Court may direct." SDC 33.1328. Jones v. Chicago, B. & Q. R. Co., 23 Wyo. 148, 147 P. 508; Pike & Richardson v. City of Sheridan, 22 Wyo. 312, 139 P. 912; and Knorr v. Velva Supply & Machine Co., 60 N. D. 449, 235 N.W. 149. As a result of amendments permissible under our liberal rules, the issues and the evidence might be changed on a retrial. Thus it is revealed that the real question for decision is whether it was intended by SDC 33.1705 to qualify the rights of a litigant to a retrial in case of a disagreement of the jury.

Express provision has been made for the entry of judgment in cases where the jury has been unable to agree in North Dakota, 28—1510 R.C. 1943, and in other states. A like provision appears in 50(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Cf. Annotation 85 L.Ed. 155. It would seem manifest that an affirmance of the judgment of the trial court should not follow because we entertain the view that our practice and procedure would be improved by extending the rule of SDC 33.1705 to cases, otherwise within its provisions, where the jury fails to reach a verdict and has been discharged. The provisions under consideration came into our law as an act of the legislature, Ch. 181, Laws 1921, were continued as Supreme Court Rule 195, and enacted by our Code as SDC 33.1705. If there is need for change an amendment can be accomplished in the method prescribed by our rules and the statutes. To make such a change in the rules under the guise of interpretation would be to deny to plaintiff the indicated rights which have accrued to him under the statutes and our rules.

In terms the rule utterly fails to clothe the court with the power it exercised. It only purports to afford a remedy to a litigant against whom a verdict has been found. It authorizes only a judgment "notwithstanding the verdict".

The argument is that the prerequisites to granting judgment are met when a motion for a directed verdict has been made and denied. It is said "The verdict is an immaterial formality." We are told that we are justified in such a holding in furtherance of the underlying purpose to avoid unnecessary second trials. By parity of reasoning it could be said that the motion for a directed verdict should be treated as an immaterial formality and justify a court in entering judgment for a litigant on motion made after the discharge of the jury, if in fact under the pleadings and evidence he was entitled to such judgment as a matter of law, even though he had made no motion for a direction during the trial. Thus it becomes apparent that the rule does not purport to completely serve the purpose which motivated its enactment. We think the rule was intended to limit the power it grants. It fails to provide for a judgment notwithstanding a disagreement of the jury. Therefore, we hold that the trial court exceeded its powers.

It is perhaps unnecessary to say that our holding should not be interpreted as indicating our views upon the merits.

.The judgment of the trial court is reversed.

RUDOLPH, P. J., and ROBERTS and SICKEL, JJ., concur.

LEEDOM, J., concurs in result.