[No. 31999. Department One. August 7, 1952.]

*In the Matter of the Adoption of* MICHAEL IRWIN HAMILTON *et al., Minors.*[1]

[1]Reported in 246 P. (2d) 849.

*Homer B. Splawn* and *Robert I. Bounds,* for appellant.

*Olson & Palmer, John Wm. McArdle,* and *Lincoln E. Shropshire,* for respondents.

GRADY, J.—This appeal has been taken by Gladys Ritchie from a judgment of the superior court denying the prayers of her petitions to adopt Michael Irwin Hamilton and James Erlen Butts, minor boys.

Michael was born in Yakima county March 14, 1950. His mother was Hazel Dale Hamilton. She was unmarried. She did not disclose the name of his father. Michael was abandoned by his father and mother, the latter signing a relinquishment and consent to adoption. On or about March 24, 1950, he was placed in the possession of appellant. On January 18, 1951, his temporary custody was given to Douglas M. Haney and wife, by an order of the juvenile court.

James was born in Seattle March 17, 1949. His mother was Julia Butts. She was unmarried. His father was C. J. Peltier. He was abandoned by his father and mother, the latter signing a waiver and relinquishment, with consent that he be adopted. On or about March 27, 1949, he was placed in the possession of appellant. About April 1, 1951, his temporary custody was given to Stanford L. Haney and wife.

On May 29, 1949, C. J. Peltier and Julia Butts were married. An additional waiver and relinquishment and consent to adopt James was executed by Julia Butts, February 27, 1951. In that document, she requested that Gladys Ritchie adopt James. The record indicates that Peltier verbally acquiesced in such action by his wife.

February 19, 1951, Douglas M. Haney and wife filed a petition to adopt Michael, basing it upon his abandonment by his mother.

March 14, 1951, appellant filed separate petitions to adopt Michael and James, basing the petition as to Michael upon the consent executed in blank March 16, 1950, and as to James, the consent executed February 27, 1951.

May 18, 1951, Stanford L. Haney and wife filed a petition to adopt James, basing it upon abandonment by his mother.

May 25, 1951, C. J. Peltier and Julia Peltier, husband and wife, filed a petition for a writ of *habeas corpus* seeking custody of James.

For the purpose of trial, the court made an order consolidating the petitions of Gladys Ritchie for adoption, those of the Haneys, and the petition for a writ of *habeas corpus,* and they were heard together. The court denied both petitions of Gladys Ritchie, denied the petition for writ of *habeas corpus*, and granted the petitions of the Haneys for the respective adoptions of Michael and James.

Gladys Ritchie has appealed and has named the respective Haneys as respondents. The parties stipulated, and pursuant thereto the superior court made an order consolidating all of the adoption proceedings for purpose of appeal. The notices of appeal are directed to the Haneys, the probation officer, and the prosecuting attorney of Yakima county. Gladys Ritchie will be referred to as appellant and the Haneys as respondents.

The trial court concluded that the welfare of Michael and James would be best served by their adoption by the respective respondents and stressed the idea they would each be reared by and through the joint efforts of a father and mother; whereas, if adopted by appellant, such rearing would be by an unmarried lady with such assistance as might be rendered by her brother, who was handicapped by physical infirmity. The court considered other comparative factors, and from remarks made it is very clear that the claims of appellant were approached and determined from a sympathetic but realistic viewpoint, having at all times in mind the future welfare of the children.

The appellant urges that the substantial, if not the sole reason, prompting the court to act as it did was that she did

not have a husband, and respondents were favored because they were married people. She argues that the court acted arbitrarily and capriciously and was inconsistent in its ruling upon the question of welfare of the children. Appellant points out the favorable impression the court gained of her brother, who resides in her home, from the fact that he was a person of high moral character and was greatly devoted to the two boys and they to him; that he had taught them wholesome things and generally extended a morally guiding influence over them and set them a good example. Argument is made that all of this indicates he was as capable of and did give the boys the character-building contribution of a father, and the fact that he was physically handicapped and not a husband should not erase him from that category; also that it should not have been considered by the court that if the boys were adopted by appellant they would never know a father and would be reared by a woman only and alone. From this, it is asserted that the findings of fact and decree are not consistent with the previously expressed view of the trial judge of appellant and her brother, and therefore should not be accepted by this court.

The record affords complete justification for the commendatory expressions made by the trial judge of appellant and her brother, as well as the difficult position he found himself in when it came to subordinating the worthy hopes and desires of appellant to what he could not escape feeling was for the best welfare of the two boys. Trial courts must of necessity have a wide latitude of discretion in matters coming before them involving minor children, and their orders and judgments should not be disturbed by the appellate court except for very cogent reasons. We cannot share in the view of appellant that the trial court acted in any manner we can regard as arbitrary or capricious. Its conclusions were reached after a complete hearing, in which all interested parties participated. We feel the findings of fact are well supported by the record, and that the court was fully justified in concluding that each of the boys should be adopted by the respective respondents rather than by appellant.

■ An assignment of error relates to obtaining jurisdiction over the person of the unknown father of Michael, and the claimed absence of proof that Michael was an illegitimate child. Appellant is not in a position to urge either question on her appeal because, as to them, she does not fall within the category of a party "aggrieved" referred to in Rule on Appeal 14. In her petition to adopt Michael, she alleged he was "born out of wedlock." She relied upon the consent given by his mother as a basis for adoption. This was sufficient. RCW 26.32.030 (3). She made an effort to give notice of the adoption proceedings to the unknown father by publication, but such action was unnecessary. The court found Michael was born out of wedlock and made no adverse ruling on any question of jurisdiction.

The judgment is affirmed.

SCHWELLENBACH, C. J., MALLERY, DONWORTH, and WEAVER, JJ., concur.