[No. 33161. Department One. August 18, 1955.]

*In the Matter of the Adoption of* INFANT ROGERS, *a Minor.*

LEOTA Y. ROGERS, *Appellant,* v. DELMER OLANDER *et al.,*

*Respondents.*[1]

[1] Reported in 286 P. (2d) 1028.

208

*Collins & White,* for appellant.

*Moberg & Calbom,* for respondents.

SCHWELLENBACH, J.—This is an appeal from an order denying a motion to vacate a decree of adoption.

An illegitimate child was born to Leota Y. Rogers in Moses Lake, on December 9, 1953. Prior to its birth, she had made tentative arrangements for its adoption by Delmer Olander and Lorna Olander, husband and wife. The physical custody of the child was given to the adoptive parents on December 13, 1953, without any formal application to the court. January 8, 1954, Delmer and Lorna Olander filed in the superior court for Grant county their petition to adopt the child under the provisions of RCW 26.32, the adoption statute.

February 8, 1954, Leota Y. Rogers filed in the superior court her verified petition for consent to relinquish the child for adoption, in compliance with RCW 26.36.010 providing for court order for relinquishment of permanent care, etc. The petition stated:

"That your Petitioner desires to relinquish all of her parental rights in and to said child to DELMER OLANDER and LORNA OLANDER, husband and wife, for the purpose of adoption.

"WHEREFORE, your Petitioner prays that she be permitted to relinquish said child to DELMER OLANDER and LORNA OLANDER for the purpose of adoption, and your Petitioner further prays that the Petition of DELMER OLANDER and LORNA OLANDER for adopting said child be granted."

On the same day, a hearing on the petition was held before Judge Hunter, who examined Mrs. Rogers as a witness. As a result of the hearing, an order was entered relinquishing all parental rights and control of Mrs. Rogers in and to the child to Mr. and Mrs. Olander for the purposes of adoption. The order was made effective as of December 13, 1953, the date she turned the child over to the Olanders. The hearing on the petition for adoption was held on March 15, 1954, and a formal decree of adoption was entered on that day.

June 2, 1954, Mrs. Rogers petitioned for vacation of the decree of adoption, alleging that, at the time she gave custody of the child to the adoptive parents, she had been led to believe that she could not live for a period of time exceeding six months to a year, but that subsequent thereto she underwent surgery which eliminated the ailment threatening her life. She alleged that, had she been correctly advised of her physical condition, she would not have signed the consent to adoption.

At a hearing on a demurrer to the petition, held June 9, 1954, it was discovered that, through inadvertence, Mrs. Rogers' written consent to adoption, dated December 13, 1953, had never been filed. Counsel for petitioners then filed the consent and, on June 17, 1954, moved that it be filed *nunc pro tunc* as of January 8, 1954, the date of the filing of the petition for adoption. June 28, 1954, counsel for Mrs. Rogers moved to set aside and vacate the decree of adoption for the reason that, at the time of the hearing, no consent of the natural mother was on file as required by RCW 26.32.030.

These two matters came on for hearing on July 6, 1954. The trial court, on July 26, 1954, entered an order permitting the filing of the consent to adoption *nunc pro tunc,* and also entered an order denying the motion to vacate the decree of adoption. The court was of the opinion that the petition for consent to relinquish the child for adoption, upon which testimony was taken, constituted a consent for adoption when considered in its entirety.

RCW 26.32.030 provides that written consent to the adoption must be filed prior to a hearing on the petition, by the mother, if the person to be adopted is illegitimate and a

minor. We have held that, because of the far reaching effect of the adoption statute, the consent provision should be strictly construed. *In re Lease,* 99 Wash. 413, 169 Pac. 816; *In re Hope,* 30 Wn. (2d) 185, 191 P. (2d) 289.

Prior to the enactment of the new adoption law, chapter 291, Laws of 1955, we held that a mother who has given her consent to the adoption of her child has the legal right and power to revoke such consent while the adoption proceedings were pending. *State ex rel. Towne v. Superior Court,* 24 Wn. (2d) 441, 165 P. (2d) 862; and that the written consent could be informal in its terms, so long as the intent to consent was clear. In *In re Potter,* 85 Wash. 617, 149 Pac. 23, we held the following writing to be sufficient:

" 'Oroville, Washington, November 23, 1910.

" 'I hereby turn over my right and title of my baby girl, born November 23, 1910, to Mrs. Nellie Myers, Riverside, Wash. E. N. Potter.' "

In *In re Rising,* 104 Wash. 581, 177 Pac. 351, we held that the following, when the mother gave her child to a foundling home, was a sufficient consent:

" 'This is to certify that I, Lora Cairney, voluntarily give up all claim to my infant daughter, Elsie Cairney, born March 4, 1912, having been unable to support said infant.' "

We agree with appellant that the trial court erred in ordering the consent to adoption to be filed *nunc pro tunc.* See *State v. Ryan,* 146 Wash. 114, 261 Pac. 775 and *State v. Mehlhorn,* 195 Wash. 690, 82 P. (2d) 158, for discussions of the rule. "A *nunc pro tunc* entry is an entry made now, of something which was actually previously done, to have effect as of the former date." 3 Bouvier's Law Dictionary, (8th ed.) 2385. The consent was not filed until June 9, 1954, and the court had no right to order the filing as of January 8, 1954.

We now come to the question of whether or not the petition for relinquishment constituted the consent to adoption required to be filed prior to the hearing, as provided in the adoption statute. RCW 26.36.010 (§ 1, chapter 251, Laws of 1951) provides:

"It shall be unlawful for any person, partnership, society, association, or corporation, except the parents, to assume the permanent care, custody, or control of any minor child unless authorized so to do by a written order of a superior court of the state. It shall be unlawful, without the written order of the superior court having first been obtained, for any parent or parents to in any wise relinquish or transfer to another person, partnership, society, association, or corporation, the permanent care, custody, or control of any minor child for adoption or for any other purpose, and any such relinquishment or transfer shall be void: . . . "

In *In re Sipes*, 24 Wn. (2d) 603, 167 P. (2d) 139, we considered chapter 162, Laws of 1939, which was practically identical in language, so far as is material here, with RCW 26.36.010. We there held that the purpose of the relinquishment statute was to prevent the relinquishment of children to persons, associations, etc., who did not desire to, and could not, adopt such children, but who procured their permanent care, custody, and control, and thereafter placed them out for adoption; and that such chapter was never intended to apply to a situation where the parent, who was legally entitled to consent to the adoption of her child, had given that consent in writing, and the adopters then proceeded under the adoption laws. Respondents contend that RCW 26.36.010 was enacted in 1951 for the purpose of making the relinquishment a part of the adoption procedure. With this we cannot agree. It was merely a re-enactment of the law we considered in the *Sipes* case. Furthermore, the legislature has now definitely tied the two acts together. Section 7 (1), chapter 291, Laws of 1955, provides:

"The written consent shall be acknowledged before a notary public and filed with the petition or at all events before any action is taken by the court in such proceeding. Such consent shall recite that it is given subject to the approval of the court to be requested in an adoption proceeding and to have no force or effect until such court has approved the same. Such consent shall also provide therein that, after it is approved by the court and the order of relinquishment issued and filed, as required by RCW 26.36.010, and the child relinquished to the petitioners, it is not revocable except for fraud practiced by the petitioners or mental incom-

petency of the person signing the consent at the time of signing the same; . . . "

■ Let us now consider the situation with which Judge Hunter was confronted. The relinquishment papers and the adoption papers were all part of the same file in the clerk's office. They were all given the same file number. Subsequent to the filing of the petition for adoption and prior to the hearing thereon, appellant filed her relinquishment petition. Over her signature, she not only stated that she desired to relinquish all of her parental rights in the child to the Olanders for the purpose of adoption, but she prayed that the petition of the Olanders to adopt the child be granted. There can be no question as to her intent. When we consider the informal written consents which had received the approval of this court, surely, under the law in effect when the matter was heard, this constituted a written consent to the adoption.

The order denying the motion to vacate the decree of adoption is affirmed. In view of our holding as to the *nunc pro tunc* order, neither party shall recover costs.

HAMLEY, C. J., DONWORTH, FINLEY and OTT, JJ., concur.