■ STANLEY SLUSARCZYK, as Administrator of the Estate of JOHN SLUSARCZYK, Deceased, Appellant, v. EDWIN L. SLUSARCZYK et al., Respondents. JOSEPH SLUSARCZYK, as Executor of CAROLINE SLUSARCZYK, Deceased, Appellant, v. EDWIN L. SLUSARCZYK et al., Respondents.— Judgment unanimously reversed on the law and facts, without costs, and new trial granted. Memorandum: Plaintiff appeals from a judgment dismissing his complaint in an action he brought as administrator for payment of an obligation evidenced by an instrument alleged to have been executed by defendants. At the close of all the evidence defendants renewed their motion to dismiss which had been made and denied after plaintiff had rested. The court again denied the motion and submitted the case to the jury. After a period of deliberation the jury informed the court that it could not reach an agreement. At this point defendants again moved for dismissal and the court granted the motion, discharged the jury and said, " This will be recorded as a mistrial ". The dismissal of the complaint at this juncture and in this manner was clearly wrong. The trial court had no alternative, in those circumstances its only course was to direct a new trial (*Tannenbaum* v. *Hoar,* 26 A D 2d 980; CPLR 4113, subd. [b]; 8 Carmody-Wait, 2d, New York Practice, § 62.29, p. 584). If the court had any doubt as to the merits of plaintiff's proof, the proper procedure would have been to reserve decision on the motions to dismiss (*Gullian* v. *Newcombe & Co.,* 27 A D 2d 479, 480). Over plaintiff's objection, the trial court permitted defendant Bernice B. Slusarczyk to testify that the codefendant, her husband, had borrowed the money represented by the document and that she signed the instrument solely as a witness and not as a joint maker. Bernice was certainly a party interested in the event of the action, for surely she would gain or lose by the direct legal operation and effect of the judgment. As " a party or a person interested in the event ", she should not have been examined as a witness in her own behalf against the personal representative of a deceased person (CPLR 4519; *Continental Diamond Mines* v. *Kopp,* 28 A D 2d 518; 8 Carmody-Wait, 2d, New York Practice, § 56.79, p. 168). Under the cir-

cumstances a new trial should be had. (Appeal from judgment of Oneida Trial Term in actions on contract.) Present — Goldman, P. J., Witmer, Moule, Cardamone and Henry, JJ.