[No. 4894-2-III. Division Three. April 14, 1983.]

HELENE BULL, *Respondent,* v. DARWIN FENICH, ET AL, *Appellants.*

*Darrel Ellis,* for appellants.

*Douglas D. Peters* and *Peters, Schmalz, Leadon & Fowler,* for respondent.

ROE, C.J.—Involved herein is title to 80 acres of land

previously owned by Mike and Susan Fenich, husband and wife, biological parents of three children, Mary Fenich Osborn, Helen Fenich Zerbetz, and John Fenich. In 1921, Helen Fenich bore an illegitimate son, Darwin Prier Fenich. Mike and Susan adopted Darwin, their illegitimate grandson, approximately 2½ months after he was born.

Mike Fenich died in 1942. His wife Susan, shortly before her death, quitclaimed the 80 acres in question to her granddaughter Helene Bull, daughter of Mary Fenich Osborn. The purpose of this deed by the grandmother was to transfer the property to Helene if Helene's mother predeceased the grandmother. This deed was given to an attorney and not recorded until August 1979, 30 years after execution and death of grantor.

Susan died in 1949 and her will was probated, but it did not mention her adopted son Darwin. It left almost all her property to her daughter Mary. In 1953, Darwin sought and obtained an order from the probate judge declaring himself to be a pretermitted heir of Susan Fenich and therefore entitled to one-quarter of her estate. However, Susan's estate was never formally closed or distributed. In 1979, Mary, residuary legatee of Susan, quitclaimed the same 80 acres to her daughter Helene Bull. This deed was recorded in May 1979.

In November 1979, Mary Osborn petitioned to have the 1921 adoption declared void. In 1980, Helene Bull sued to quiet title to the 80 acres, alleging ownership by adverse possession or by deed from either Susan Fenich or Mary Osborn. The two causes were set for argument and apparently consolidated.

The trial court quieted title in Helene Bull, finding her title was obtained from her mother, Mary Fenich Osborn, who in turn obtained hers from her mother Susan Fenich, by the will. The court also concluded Darwin was not a pretermitted heir because the adoption was void, the deed from Susan to Helene was ineffective for want of delivery, and also Helene Bull could not show adverse possession. Defendant Darwin claims the court erred in finding the

adoption void. Helene Bull claims the trial court should be affirmed either on the ground stated or because the deed from Susan to Helene was effective to pass title. However, Helene did not file a cross appeal or assign error to the findings of fact which support the trial court's decision concerning delivery of the deed.

These suits were pressed almost 60 years after the order of adoption and 25 years after the pretermitted heir order. The Washington court has recently said: "[I]n the conflict between the principles of finality in judgments and the validity of judgments, modern judicial development has been to favor finality rather than validity". *In re Marriage of Brown*, 98 Wn.2d 46, 49, 653 P.2d 602 (1982).

Darwin first claims laches bars the attack on the 1921 adoption. In addition to delay and lapse of time, laches requires some injury, prejudice, or disadvantage. *LaVergne v. Boysen*, 82 Wn.2d 718, 721, 513 P.2d 547 (1973). Here, there is both delay and prejudice. Most of the participants in the adoption, without whom Darwin is unable to support his position, are dead or unavailable. We find that laches bars the attack.

In addition, Darwin claims Helene Bull should be barred from attacking the 1953 order declaring Darwin a pretermitted heir because of res judicata. No appeal was taken from that order.

Res judicata requires, among other things, identity of the earlier cause of action with the present one. *Bordeaux v. Ingersoll Rand Co.*, 71 Wn.2d 392, 396, 429 P.2d 207 (1967). There is not identity of cause of action here. However, the related doctrine of collateral estoppel does apply. Collateral estoppel requires:

(1) the issue decided in the prior adjudication must be identical with the one presented in the second; (2) the prior adjudication must have ended in a final judgment on the merits; (3) the party against whom the plea of collateral estoppel is asserted must have been a party or in privity with a party to the prior litigation; and (4) application of the doctrine must not work an injustice.

*Beagles v. Seattle–First Nat'l Bank,* 25 Wn. App. 925, 929, 610 P.2d 962 (1980).

The trial court held Helene Bull was not barred because the 1953 order was not a final judgment. Apparently, it believed a decree of distribution was required, relying on *In re Estate of Moore,* 36 Wn.2d 854, 220 P.2d 1079 (1950). However, *Moore* does not require a final decree of distribution, only a final adjudication of rights. In fact, many estates require no final decree. Here, the 1953 order prohibited an attack on the validity of the adoption and found Darwin was a pretermitted heir of Susan Fenich. This was a final determination of Darwin's rights to his share of the estate.

Although Helene Bull was not a party to the 1953 probate proceeding, her mother, Mary Osborn, was. Since Helene derives her claim to the property from her mother, she is in privity with a party to the 1953 action. Finally, both the present suit and the 1953 action rest on the adoption's validity and it would not work an injustice to bar Helene from relitigating this question. We find Helene Bull is estopped from attacking the 1953 pretermitted heir order.

This case could also be decided on the grounds the 1921 adoption decree is valid. The trial court found the adoption was void because the biological mother did not consent. In 1921, the father's consent was not required for the adoption of an illegitimate child. *Cf. In re Hamilton,* 41 Wn.2d 53, 246 P.2d 849 (1952) (decided under a later statute). It is true the court file does not contain a written consent. In addition, Helen Fenich Zerbetz, Darwin's natural mother, has said she did not sign a consent to the adoption. However, she did not say she did not orally consent. Further, the 1921 adoption order plainly states: "Helen Fenich is the mother and only guardian of said infant and that she freely gives her consent to said adoption, . . ." Therefore, although it appears no written consent, as required by statute, was found, the evidence does not indicate there was no consent given by the mother. Prior cases hold the consent requirements of the adoption statute should be strictly

construed. *In re Rogers,* 47 Wn.2d 207, 286 P.2d 1028 (1955). However, a more recent case said strict compliance with each provision of the adoption statute is not necessary, particularly when such narrow construction interferes with the beneficial aims of the statutes. *In re Santore,* 28 Wn. App. 319, 326–27, 623 P.2d 702, *review denied,* 95 Wn.2d 1019 (1981). The written consent requirements are designed to protect the natural parents from losing a child and the adoptive parents from a later attack. All the cases we found dealing with consent involved natural parents attacking the adoption for want of consent or notice. Unlike those cases, here an heir seeks to use a technical requirement for financial gain. We find descendants of the adoptive parents may not use the written consent requirement to void an adoption for financial gain when a court, based upon substantial evidence, finds there was consent by the natural parent.

Finally, as an alternative basis to affirm the trial court, Helene Bull asks this court to find the quitclaim deed from Susan Fenich to Helene Bull transferred title. We will address this claim although it was not properly raised on appeal. The trial court may be sustained on any theory within the pleadings and the record. *Knisely v. Burke Concrete Accessories, Inc.,* 2 Wn. App. 533, 468 P.2d 717 (1970). The trial court correctly found the quitclaim deed did not pass title to Helene Bull because it was not delivered. Delivery, one of the basic requirements for an effective conveyance, requires an intent to make a deed presently operable. *Juel v. Doll,* 51 Wn.2d 435, 319 P.2d 543 (1957). *See generally* 3 *American Law of Property* §§ 12.64, 12.66, 12.67 (A. Casner ed. 1974). Here, the record shows and the trial court found the deed was delivered to an attorney, not Helene, and was not to be effective unless Mary Osborn predeceased her mother Susan Fenich, which she did not. Since there was no intent to make a present transfer, there was not delivery. Therefore, the deed from Susan Fenich to Helene Bull could not pass title.

The judgment of the trial court is reversed.

MUNSON and MCINTURFF, JJ., concur.

Reconsideration denied May 12, 1983.

Review denied by Supreme Court July 19, 1983.