[No. 25285–2–I.   Division One.   January 7, 1991.]

A. Chau, as *Personal Representative*, ET AL,
*Respondents*, v. The City of Seattle,
*Appellant.*

*Mark H. Sidran, City Attorney,* and *J. Roger Nowell, Assistant,* for appellant.

*David Allen, Richard Hansen,* and *Donald Roistacher,* for respondents.

FORREST, J.—The City of Seattle appeals the trial court's order for a trial anew following a mistrial in which the court barred the City by collateral estoppel from relitigating damages assessed by the jury. We affirm.

Chau filed a motion to dismiss the appeal which was referred to this panel. At oral argument Chau waived the motion and requested a decision on the merits. Accordingly, we need not address the merits of the motion or the propriety of discretionary review.

On May 18, 1985, Vouch Chau was killed by a hit–and–run driver while crossing a Seattle city street in a marked crosswalk. The estate and children sued the City and the driver, Jay Abraham. Abraham did not appear at trial and the court directed a verdict against him.

During deliberations, the jury was unable to reach a verdict on liability against the City and announced it was deadlocked, at which point the court, at the City's request, directed it to complete the special verdict form. Question 1 asked whether the City of Seattle was negligent. The jury stated that it could not answer that question. The second question, whether negligence of the City was a proximate cause of the accident, was left unanswered. Questions 3 and 4 asked for the damages sustained by the decedent's husband and children. The jury answered both questions, determining the total damages to be $343,500.

After filing the special verdict on June 22, 1989, the trial court on November 14, 1989, entered an order entitled "Judgment on Verdict; Order Declaring Mistrial; and Order Granting Trial Anew Except as to Issue of Damages." In the order the trial court entered judgment against Abraham for the full amount of the jury verdict, declared a mistrial on the claims against the City, and ordered that the City could not challenge the jury finding as to damages. The court stated:

> [U]pon retrial herein defendant City shall be collaterally estopped from denying plaintiffs have been damaged in a total amount of $343,500.00 pursuant to the verdict of the jury filed herein on June 22, 1989.

After the City filed a notice of appeal, plaintiffs filed a motion for partial summary judgment as to whether the decedent was contributorily negligent. The trial court held that she was not.

The City argues that a "trial anew"[1] is fundamentally different from a "new trial", and cannot be limited as to issues. We disagree. If the jury had rendered a verdict against the City on both liability and damages, the trial court, if persuaded of an error in the assessment of liability, would unquestionably have the discretion to limit the new trial to the issue of liability alone.[2] The crucial consideration is that such limitation must not generate an injustice to the objecting party.[3]

The City has not demonstrated any unfairness in the amount of the verdict. In view of the damages testimony,

---

[1]RCW 4.44.340: "where a jury are discharged . . . the action shall thereafter be for trial anew."

[2]*Bauman v. Crawford,* 104 Wn.2d 241, 704 P.2d 1181 (1985); *Siekawitch v. Washington Beef Producers, Inc.,* 58 Wn. App. 454, 793 P.2d 994 (1990); *Keegan v. Grant Cy. PUD 2,* 34 Wn. App. 274, 661 P.2d 146 (1983); *Mina v. Boise Cascade Corp.,* 37 Wn. App. 445, 681 P.2d 880 (1984), *aff'd,* 104 Wn.2d 696, 710 P.2d 184 (1985); *Clements v. Blue Cross of Wash. & Alaska, Inc.,* 37 Wn. App. 544, 682 P.2d 942, *review denied,* 102 Wn.2d 1016 (1984); *Heilman v. Wentworth,* 18 Wn. App. 751, 571 P.2d 963 (1977), *review denied,* 90 Wn.2d 1004 (1978).

[3]*Lahmann v. Sisters of St. Francis,* 55 Wn. App. 716, 780 P.2d 868 (1989).

the amount of the verdict does not appear excessive or improperly motivated. The only suggestion is that the jury would have determined damages differently if the City were the only defendant, rather than Abraham and the City. However, this argument assumes that the jurors violated their oath, of which there is no evidence. Nor has the City suggested any legal errors in the damages portion of the trial. If this were a ruling on a motion for a new trial after a verdict against the City, we would find no injustice to the City in holding it bound by the damage award.[4]

The City argues that even if it would be proper to limit issues in a new trial, the lower court had no such power in "a trial anew", regardless of even good reasons for doing so. "Trial anew" has historically been associated with mistrials. The courts have not examined the meaning of the term "trial anew" in the context of limiting a second trial, as demonstrated by the dearth of authority cited by counsel.[5] Semantically there appears to be no difference between "trial anew" and "a new trial". The City's formalistic argument is reminiscent of an earlier stage of jurisprudence

[4]Significantly, after the jury became deadlocked it was the City that requested the jury to answer the interrogatories, the validity of which it now challenges. The City acknowledged at oral argument that it planned to use a favorable verdict as a bargaining chip in attempting to settle the case before a retrial. We find absolutely nothing improper in this strategy. However, parties are generally precluded from seeking rulings or verdicts merely to ascertain if they are favorable and, if not, presenting new arguments on behalf of a different result. Having sought the benefit of a verdict, and now feeling dissatisfied, it ill behooves the City to now argue they are not bound by the verdict.

[5]The City cites four cases for the proposition that the court has no power to limit the issues in the retrial: *Jones v. Chicago, B.&Q.R.*, 23 Wyo. 148, 147 P. 508 (1915) (deadlocked jury ends a trial and court cannot enter judgment on its own findings); *Vitimin Milling Corp. v. Superior Court*, 1 Cal. 2d 116, 33 P.2d 1016 (1934) (directed verdict held void where the jury rendered no verdict); *Brandsrud v. Beattie Steinborn Co.*, 74 S.D. 224, 50 N.W.2d 639, 31 A.L.R.2d 882 (1951) (judgment notwithstanding verdict invalid after a deadlocked jury had been discharged); *Slusarczyk v. Slusarczyk*, 41 A.D.2d 593, 340 N.Y.S.2d 250 (1973) (after jury deadlocked, dismissal of complaint was void). None of them deal with a partial interrogatory verdict, nor do they address the issue of collateral estoppel in the second trial. We do not find them persuasive in resolving the issue presented.

when labels such as "privity" or "invitees" were determinative, without regard to social, economic or judicial realities that might demand a different result. In this case, the "trial anew" label is enlisted by appellant to foreclose examination of the trial procedure here at issue. We feel that, to the contrary, this case involves procedural issues concerning collateral estoppel and trials anew that warrant examination.

Chau argues that the trial court's order may be sustained on the well established principles of collateral estoppel because the City was a party in the first trial, the damages issue was litigated, and there was a final judgment. The City argues that collateral estoppel cannot apply because the City was not found liable and there was no final judgment.

The Restatement (Second) of Judgments § 27 (1982) states that:

> When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

In Washington, the elements of collateral estoppel are:

> (1) identical issues; (2) a final judgment on the merits; (3) the party against whom the plea is asserted must have been a party to or in privity with a party to the prior adjudication; and (4) application of the doctrine must not work an injustice on the party against whom the doctrine is to be applied.

*Malland v. Department of Retirement Sys.*, 103 Wn.2d 484, 489, 694 P.2d 16 (1985).[6]

Only the finality requirement is in serious dispute. The first requirement for identity of issues is satisfied because the damages claim in the second trial would be identical. The third requirement is satisfied because the City was a party—indeed, the City was the only participant in the trial

---

[6]*See also Rains v. State*, 100 Wn.2d 660, 674 P.2d 165 (1983).

and conducted the entire case on damages.[7] Under the fourth requirement of the doctrine, for the reasons given in discussing the propriety of limiting issues in case of a "new trial", we find no injustice to the City in the application of the doctrine.

The second collateral estoppel requirement of a final judgment on the merits is central to this case. The rationale of requiring final judgments is to prevent relitigation of an issue that has been fully and fairly litigated on the facts and on the law in the previous trial.

█ Normally, finality is conclusively established by a judgment on the merits either by affirmation on appeal, or by expiration of the time to appeal. However, judgments otherwise appearing final may still be vacated pursuant to CR 60. Thus "absolute" finality is not required for collateral estoppel to operate.[8]

On the unusual facts here present, collateral estoppel as to damages will not adversely affect the City until the damage award becomes final by entry of a judgment against the City. If the City prevails in the liability trial, it obviously will not have been prejudiced by any lack of finality in the damage award. If the City loses in the liability trial, the damage award would become a judgment and the City would be in the same position as if damages and liability had been determined concurrently, with the right to appeal on both issues.

---

[7]Because the City could not know what the jury's finding would be on liability during trial, it had every reason for a full and vigorous presentation on the damage issue. The damages verdict is consistent with those efforts.

[8]As stated in 15 L. Orland & K. Tegland, Wash. Prac., *Trial Practice: Civil* § 368, at 37 (4th ed. 1986): "Collateral estoppel effect will be found under some circumstances despite the fact that there was no final judgment in the previous proceedings." The only case cited for this proposition, while not finding a final judgment in the previous litigation, did find there had been a "final adjudication of rights." *Bull v. Fenich*, 34 Wn. App. 435, 439, 661 P.2d 1012, *review denied*, 100 Wn.2d 1003 (1983).

If the City chooses not to appeal, the judgment would become final. Hence, the finality requirement of the damage award is satisfied. If the City appeals and prevails, it has not been prejudiced by the application of collateral estoppel since it would have the opportunity to relitigate damages. If the City loses the appeal, the judgment below is affirmed, and the finality requirement of the damage award is again satisfied.

■ In short, the damage award will have become final before the City becomes liable to pay a judgment. Under these facts, the policy requiring a final judgment is satisfied. This holding implements the basic policy of collateral estoppel, namely, economical use of judicial resources and protecting a party who once prevailed on an issue from being required to relitigate the same issue. This latter concern is particularly significant where, as here, Chau would be burdened by the substantial nonrecoverable expense of relitigating damages, as well as the emotional travail of reliving and repeating to the jury his emotional suffering.

■ We hold that where a partial interrogatory verdict has been rendered and the trial court is required to grant a mistrial because of the jury's failure to agree as to certain questions, the trial court has the discretion to limit the "trial anew" to the unresolved issues so long as it can be done without injustice to the party on whom the limitation is placed and the other requirements of collateral estoppel are met.

An addendum to the City's opening brief asks this court to hold that the trial court did not have the jurisdiction to grant a partial summary judgment because it was heard after the date the City's notice of appeal was filed. Assuming the issue is properly before us,[9] we deny the request. Irrespective of who prevails in this appeal, the case will be

---

[9]This trial court action is unrelated to the issue on appeal and does not affect our appellate decision. Accordingly, we rule that it falls outside the scope of RAP 7.2.

retried at least on the liability issues. The partial summary judgment addresses solely procedures in the second trial.

Affirmed.

WEBSTER, A.C.J., and BAKER, J., concur.