**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

In re: DOUGLAS E. MILLER,
                            *Debtor.*

_____

BONNIE G. SNAVELY,
                *Defendant-Appellant,*

v.

DOUGLAS E. MILLER,
                *Debtor-Appellee.*

No. 03-35894

D.C. No.
CV-02-00079-DWM

OPINION

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, Chief District Judge, Presiding

Argued and Submitted
November 3, 2004—Seattle, Washington

Filed February 2, 2005

Before: Arthur L. Alarcón, William A. Fletcher, and
Johnnie B. Rawlinson, Circuit Judges.

Opinion by Judge Alarcón

## COUNSEL

Jay T. Jorgensen, Sidley Austin Brown & Wood LLP, Washington, D.C.; Deborah L. Carstens (on the briefs), Bullivant Houser Bailey PC, Seattle, Washington; Ann T. Wilson (on the briefs), Law Offices of Ann T. Wilson, Seattle, Washington; James A. Patten (on the briefs), Patten, Peterman, Bekkedahl & Green PLLC, Billings, Montana; Michele G. Radosevich (on the briefs), Davis Wright & Tremaine, Seattle, Washington, for the appellant.

Jon R. Binney and Lon J. Dale (on the brief), Milodragovich, Dale, Steinbrenner & Binney PC, Missoula, Montana, for the appellee.

## OPINION

ALARCÓN, Senior Circuit Judge:

Appellant Bonnie Snavely appeals from the order of the district court for the District of Montana affirming the order of the bankruptcy court for the District of Montana ("Montana bankruptcy court") awarding debtor-in-possession Douglas Miller $90,000 in attorney's fees based on Ms. Snavely's breach of her fiduciary duties as trustee of a trust of which Mr. Miller was a beneficiary. Ms. Snavely filed a petition for bankruptcy in the bankruptcy court for the Western District of Washington ("Washington bankruptcy court") on March 15, 2002. She argues that the Montana bankruptcy court's order, issued on March 26, 2002, violated the automatic stay triggered by the earlier filing of her bankruptcy petition in the Washington bankruptcy court. We reverse because we conclude that the automatic stay enjoined the Montana bankruptcy court from entering an award of attorney's fees until after the expiration or lifting of the stay.

I

On March 19, 2001, Douglas E. Miller filed for protection under Chapter 11 of the Bankruptcy Code in the Montana bankruptcy court. On July 19, 2001, Ms. Snavely filed a proof of claim in Mr. Miller's chapter 11 case in the amount of $603,906.12 on behalf of the Margueritte Miller Living Trust ("Trust"), of which she was trustee and Mr. Miller was a one-third beneficiary. Mr. Miller filed objections to the proof of claim and asserted counterclaims, including a claim for breach of fiduciary duty against Ms. Snavely as trustee.

Following trial on Mr. Miller's objections and counterclaims to the proof of claim, the Montana bankruptcy court issued a detailed order allowing a portion of the Trust's proof of claim against Mr. Miller, subject to offset of a judgment in favor of Mr. Miller and against Ms. Snavely on Mr. Miller's

counterclaims. On January 31, 2002, Mr. Miller filed a motion for attorney's fees and costs against Ms. Snavely in the Montana bankruptcy court. The Montana bankruptcy court denied this motion on March 12, 2002.

On March 14, 2002, Mr. Miller filed a motion for reconsideration of the Montana bankruptcy court's denial of his motion for attorney's fees. The next day, March 15, 2002, Ms. Snavely filed a chapter 11 petition for bankruptcy in the Washington bankruptcy court. On March 19, 2002, she filed a notice in the Montana bankruptcy court stating that she had filed for bankruptcy protection in the Washington bankruptcy court.

On March 26, 2002, the Montana bankruptcy court granted Mr. Miller's motion for reconsideration and awarded Mr. Miller attorney's fees and costs in the amount of $90,000. The Montana bankruptcy court concluded that the automatic stay triggered by Ms. Snavely's chapter 11 case in Washington did not apply to Mr. Miller's request for attorney's fees in the Montana bankruptcy court because the "attorney fee request is part of Snavely's proof of claim which was prosecuted by her." The Montana bankruptcy court also concluded that Mr. Miller was entitled to an award of attorney's fees under Wash. Rev. Code § 11.96A.150 based on Ms. Snavely's breach of her fiduciary duties and awarded Mr. Miller $90,000 in attorney's fees.

On April 5, 2002, Ms. Snavely appealed from the Montana bankruptcy court's order to the district court for the District of Montana. On September 30, 2003, the district court affirmed the Montana bankruptcy court's award of attorney's fees to Mr. Miller.

## II

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. §§ 158(d) and 1291. We review a district court's deci-

sion on appeal from a bankruptcy court *de novo*. *Preblich v. Battley*, 181 F.3d 1048, 1051 (9th Cir. 1999). We apply a clearly erroneous standard to a bankruptcy court's findings of fact and review *de novo* its conclusions of law. *Id.*

A

During the argument in this matter, Ms. Snavely's counsel asserted, for the first time, that under Washington state law, the Superior Court's oral ruling on March 7, 2001, in *In re the Margueritte Miller Living Trust*, No. 00-2-21981-4, that Ms. Snavely did not breach her fiduciary duties as trustee of the Trust was binding on the Montana bankruptcy court under the doctrines of res judicata and collateral estoppel. We ordered counsel to file supplemental briefs addressing this question.

None of the cases cited by Ms. Snavely in her supplemental brief supports her contention that an oral ruling of a Washington trial court can serve as a final judgment triggering the doctrines of res judicata and collateral estoppel. *See Cunningham v. Washington*, 811 P.2d 225, 228-29 (Wash. Ct. App. 1991) (holding that partial summary judgment was sufficiently final to invoke collateral estoppel where judge issued a written opinion); *Bull v. Fenich*, 661 P.2d 1012, 1014 (Wash. Ct. App. 1983) (holding that probate court's order was a final judgment because it represented the final adjudication of the parties' rights); *Chau v. City of Seattle*, 802 P.2d 822, 823, 825 (Wash. Ct. App. 1991) (holding that a judgment on verdict entered by the trial court regarding damages against a codefendant satisfies the finality requirement for collateral estoppel purposes).

**[1]** Under Washington state law, "a trial court's oral [ruling] . . . has no final or" binding effect unless formally incorporated into the findings, conclusions, and judgment. *State v. Mallory*, 419 P.2d 324, 325 (Wash. 1996) (citations omitted). The Washington Superior Court's oral ruling was not formally incorporated into the findings, conclusions, and judg-

ment until March 23, 2001, four days after Mr. Miller filed for bankruptcy on March 19, 2001. Accordingly, the oral ruling had no final or binding effect on the proceedings pending before the Montana bankruptcy court. The Washington Superior Court's entry of its order and judgment is void because it violated the automatic stay resulting from the filing of the petition for bankruptcy. *See Parker v. Bain*, 68 F.3d 1131, 1138 (9th Cir. 1995) (holding that any act taken in violation of an automatic stay is void).

B

Ms. Snavely argues that because she filed for bankruptcy in the Washington bankruptcy court on March 15, 2002, any proceedings pending against her in the Montana bankruptcy court, including Mr. Miller's motion for reconsideration of his request for attorney's fees, were subject to an automatic stay under 11 U.S.C. § 362(a). Ms. Snavely contends that the March 26, 2002 Montana bankruptcy court order awarding attorney's fees to Mr. Miller is therefore void.

**[2]** Section 362(a)(1) provides in relevant part:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities of —

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; . . .

Although the plain language of § 362(a) appears to apply the stay to all court proceedings, courts have generally limited

the application of the stay in bankruptcy court proceedings. *Prewitt v. North Coast Village, Ltd. (In re North Coast Village, Ltd.)* 135 B.R. 641, 643 (B.A.P. 9th Cir. 1992). The automatic stay is applicable only to proceedings against the debtor. *See Parker*, 68 F.3d at 1136 (" '[S]ection 362 should be read to stay all appeals in proceedings that were originally brought against the debtor . . . .' ") (emphasis omitted) (alteration in original) (parallel citation omitted) (quoting *Ingersoll-Rand Fin. Corp. v. Miller Mining Co.*, 817 F.2d 1424, 1426 (9th Cir. 1987)). "This rule finds its source in the language of section 362, which extends the automatic stay to the *continuation*, as well as the *commencement*, of an action against the debtor." *Id.* (emphasis in the original).

**[3]** The automatic stay does not apply to proceedings initiated against the debtor if the proceedings are initiated in the same bankruptcy court where the debtor's bankruptcy proceedings are pending. *Teerlink v. Lambert (In re Teerlink Ranch Ltd.)*, 886 F.2d 1233, 1237 (9th Cir. 1989) (automatic stay is inapplicable to a suit commenced in the same court where the bankruptcy is pending); *Civic Center Square, Inc. v. Ford (In re Roxford Foods, Inc.)*, 12 F.3d 875, 878 (9th Cir. 1993) (same). In *In re North Coast Village, Ltd.*, the Bankruptcy Appellate Panel explained the reasoning behind this exception:

> We agree that the stay does not apply to proceedings commenced against the debtor in the bankruptcy court where the debtor's bankruptcy is pending. Although the statutory language does not differentiate between proceedings in bankruptcy courts and proceedings in other courts, the application of the stay to proceedings against the debtor in the home bankruptcy court would be illogical and would not serve the purposes underlying the automatic stay. . . . The automatic stay is designed (1) to provide the debtor a breathing spell from his or her creditors by stopping all collection efforts, (2) to protect creditors

> from each other by stopping the race for the debtor's assets and preserving the assets for the benefit of all creditors and (3) to provide for an orderly liquidation of administration of the estate. . . . Declining to apply the stay to proceedings in the home bankruptcy court will not interfere with these purposes.

135 B.R. at 643. For purposes of the automatic stay, the "home bankruptcy court" is the bankruptcy court in which the stay originates. *See In re Shared Technologies Cellular, Inc.*, 293 B.R. 89, 95 (D. Conn. 2003) (holding that the home court for purposes of the stay and any modifications thereof is the bankruptcy court in which the stay originates).

**[4]** Section 362(a) provides that the automatic stay triggered by the filing of a bankruptcy petition is applicable to "all entities." "[T]he interpretation of a statute 'begins with the plain meaning of its language.' " *Alaska, Dept. of Environmental Conservation v. E.P.A.*, 298 F.3d 814, 818 (9th Cir. 2002) (quoting *In re Bonner Mall Partnership*, 2 F.3d 899, 908 (9th Cir. 1993)). "Our task is to give effect to the will of Congress, and where its will has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive." *Id.* (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 570 (1982)).

**[5]** 11 U.S.C. § 101(15) defines an "entity" to include a "governmental unit." A "governmental unit" is defined in 11 U.S.C. § 101(27) to include a department, agency or instrumentality of the United States. Bankruptcy courts are "entities" within the meaning of § 362(a) because they are governmental units.

**[6]** 11 U.S.C. § 362(b) provides 17 exceptions to the automatic stay provision. It does not exclude bankruptcy courts, however, from the application of an automatic stay. "The stay of section 362 is extremely broad in scope and, aside from the limited exception[s] of subsection (b), should apply to almost

any type of formal or informal action against the debtor or property of the estate." *Stringer v. Huet (In re Stringer)*, 847 F.2d 549, 552 n.4 (9th Cir. 1988) (quoting 2 L. King, *Collier on Bankruptcy* para. 362.04, at 362-31 (15th ed. 1988)). Accordingly, we hold that an automatic stay issued by a home bankruptcy court applies to all other bankruptcy courts.

## III

Ms. Snavely filed a proof of claim on behalf of the Trust against Mr. Miller in his chapter 11 case pending in the Montana bankruptcy court. Mr. Miller, in turn, asserted counterclaims against Ms. Snavely alleging, *inter alia*, a claim for breach of fiduciary duty. Mr. Miller's motion for attorney's fees stemmed from the Montana bankruptcy court's finding that Ms. Snavely breached her fiduciary duties as trustee of the Trust.

Mr. Miller filed his motion for attorney's fees before Ms. Snavely filed for bankruptcy in the Washington bankruptcy court on March 15, 2002. The Montana bankruptcy court did not issue its order granting the award of attorney's fees until March 26, 2002. Thus, we must decide whether Mr. Miller's request for attorney's fees, which stemmed from his counterclaim against Ms. Snavely, constituted the "continuation of an action or proceeding" against Ms. Snavely to which the automatic stay applied. *Parker*, 68 F.3d at 1135.

The Montana bankruptcy court found that "[s]ince this attorney fee request is part of Snavely's proof of claim which was prosecuted by her, I determine a decision on the matter for reconsideration is not subject to the automatic stay arising out of Snavely's recent chapter 11 filing." Although the proof of claim Ms. Snavely filed and prosecuted on behalf of the Trust included a request for attorney's fees, these requests related to legal services allegedly rendered on behalf of the Trust for which Ms. Snavely claimed Mr. Miller was partly liable.

**[7]** By contrast, Mr. Miller's request for attorney's fees, and the bankruptcy court's ensuing award, was based on Mr. Miller's counterclaim against Ms. Snavely for breach of fiduciary duty, which Mr. Miller prosecuted. In concluding that "this attorney fee request is part of Snavely's proof of claim," the Montana bankruptcy court apparently aggregated Mr. Miller's request for attorney's fees with Ms. Snavely's request for attorney's fees. This is contrary to our instruction in *Parker*:

> All proceedings in a single case are not lumped together for purposes of automatic stay analysis. . . . Within a single case, some actions may be stayed, others not. Multiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, cross claims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay.

68 F.3d at 1137 (citation omitted). The Montana bankruptcy court erred in failing to disaggregate Ms. Snavely's request for attorney's fees from Mr. Miller's request when it concluded that the "attorney fee request is part of Snavely's proof of claim which was prosecuted by her." Mr. Miller's attorney's fees request was not part of Ms. Snavely's proof of claim, nor did she prosecute it.

In *Parker*, we considered whether a counterclaim against a debtor "constitutes an action or proceeding that is subject to the automatic stay." 68 F.3d at 1137 (internal quotation marks omitted). Parker filed a complaint against his company's pension plan ("Pension Plan"), to which Pension Plan asserted counterclaims. *Id.* at 1134. The district court granted summary judgment in favor of Pension Plan on its counterclaims against Parker. *Id.* Parker then filed a bankruptcy petition and a notice of appeal of the district court's summary judgment order. *Id.* at 1135.

In determining whether Parker's bankruptcy filing stayed his appeal, we considered whether the appeal was a continuation of litigation that constituted an action or proceeding against Parker, namely, Pension Plan's counterclaim giving rise to the appeal:

> We acknowledge that Parker fired the first shot in this round of civil litigation by filing a complaint for declaratory relief, which clearly is not an action against the debtor. The Plan, however, quickly shot back with a counterclaim for breach of fiduciary duty . . . . Had the Plan acted faster and filed a complaint against Parker before Parker filed suit against it, we would have no difficulty concluding that the Plan's claims constituted actions against the debtor. Because of the actual order of events, however, we face a question of first impression in this circuit: whether a *counterclaim* against a debtor constitutes an "action of [sic] proceeding" that is subject to the automatic stay.

*Id.* at 1137 (emphasis in the original). Although Parker had initiated the proceedings against Pension Plan, we held that Pension Plan's "counterclaim was, 'at its inception,' an action against Parker, who is now a Chapter 11 debtor" and concluded that Parker's appeal from the grant of summary judgment on Pension Plan's counterclaim was stayed because it was a continuation of the action against Parker. *Id.* (citation omitted).

[8] Although Ms. Snavely "fired the first shot" when she filed a proof of claim for over $600,000 against Mr. Miller in his chapter 11 proceedings, Mr. Miller's counterclaim for breach of fiduciary duty and related claims constitute "an action or proceeding" against Ms. Snavely. Mr. Miller's motion for attorney's fees, based on Ms. Snavely's breach of her fiduciary duties as trustee, was a continuation of the counterclaim against Ms. Snavely, notwithstanding the fact that

Ms. Snavely initiated the proceedings by filing the proof of claim first. *Parker*, 68 F.3d at 1137; *see Koolik v. Markowitz*, 40 F.3d 567, 568 (2d Cir. 1994) ("[A]n answer that asserts a counterclaim against a plaintiff who becomes a bankruptcy debtor is an 'action or proceeding against the debtor' within the meaning of § 362(a)(1), notwithstanding the fact that the plaintiff initiated the lawsuit.").

Mr. Miller did not initiate his request for attorney's fees in the Washington bankruptcy court. Instead, Mr. Miller initiated his request in the Montana bankruptcy court where his chapter 11 proceedings were pending. Mr. Miller did not seek or obtain relief from the automatic stay pursuant to 11 U.S.C. § 362(d) from the Washington bankruptcy court, nor did he request a change of venue pursuant to Rule 1014 of the Federal Rules of Bankruptcy Procedure of Ms. Snavely's bankruptcy case to the Montana bankruptcy court.[1]

[9] Because the proceeding relating to Mr. Miller's motion for attorney's fees was a continuation of Mr. Miller's counterclaim against Ms. Snavely, it was subject to the automatic stay under § 362(a)(1). Accordingly, the Montana bankruptcy court erred in concluding that the automatic stay did not apply and its order granting Mr. Miller's request for attorney's fees violated the stay and is void. *See Parker*, 68 F.3d at 1138 (holding that any act taken in violation of the automatic stay is void).

In light of our decision that the order of the Montana bankruptcy court awarding attorney's fees is void because it was issued in violation of the automatic stay resulting from Ms. Snavely's filing of a petition for bankruptcy in the Washington bankruptcy court, we do not address her remaining contention that the Montana bankruptcy court abused its discretion in awarding Mr. Miller $90,000 in attorney's fees.

---

[1]Federal Rule of Bankruptcy Procedure 1014(a)(1) provides "[O]n timely motion of a party in interest . . . the case may be transferred to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties."

We express no view regarding the merits of the award of attorney's fees.

**REVERSED**.