**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



FILED

MAY 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: CARLOS E. PORRAS,<br><br>Debtor.<br>_____<br><br>CARLOS E. PORRAS,<br><br>Appellant,<br><br>v.<br><br>KIT PARKER; et al.,<br><br>Appellees. | No. 18-16785<br><br>D.C. No. 5:18-cv-00344-EJD<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted May 21, 2019**

Before: THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Carlos E. Porras appeals pro se from the district court's order affirming the

bankruptcy court's denial of his second motion for sanctions for violation of the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

automatic stay. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the district court's decision on appeal from the bankruptcy court and apply the same standards of review applied by the district court. *Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869, 879 (9th Cir. 2012). We may affirm the bankruptcy court's decision on any ground fairly supported by the record. *In re Warren*, 568 F.3d 1113, 1116 (9th Cir. 2009). We affirm.

Denial of Porras's second motion for sanctions for violation of the automatic stay was not an abuse of discretion because Porras failed to demonstrate that such relief was warranted. *See In re Miller*, 397 F.3d 726, 730 (9th Cir. 2005) ("The automatic stay does not apply to proceedings initiated against the debtor if the proceedings are initiated in the same bankruptcy court where the debtor's bankruptcy proceedings are pending."); *In re Teerlink Ranch Ltd*, 886 F.2d 1233, 1237 (9th Cir. 1989) ("The stay does not operate against the court with jurisdiction over the bankrupt."); *see also Miller v. Cardinale (In re DeVille)*, 361 F.3d 539, 547 (9th Cir. 2004) (setting forth standard of review).

Contrary to Porras's contention, the conversion of his bankruptcy case from Chapter 13 to Chapter 7 did not create a new automatic stay. *See In re Ramirez*, 188 B.R. 413, 416 (9th Cir. BAP 1995) ("The great weight of authority holds that the automatic stay provisions of § 362 are not triggered by conversion.").

Porras's request to strike portions of the excerpts of record, set forth in the reply brief, is denied.

Appellees' request for costs and fees, set forth in their answering brief, is denied without prejudice.

**AFFIRMED.**