In re SHARED TECHNOLOGIES CELLULAR, INC., Debtor.

Goldin Associates, L.L.C., Liquidating Trustee, Movant,

v.

Shared Technologies Cellular, Inc., Neal Ossen, Trustee, Respondents.

No. 01–22988.

United States Bankruptcy Court, D. Connecticut.

Aug. 1, 2002.

Thomas S. Marrion, Esq., Tyler, Cooper & Alcorn, LLP, Mark H. Ralston, Esq., Munsch, Hardt, Kopf & Harr, P.C., c/o Tyler, Cooper & Alcorn, LLP, Hartford, CT, for Goldin Associates, LLC, Movant.

James J. Tancredi, Esq. and David M. Bizar, Esq., Day, Berry & Howard LLP, Hartford, CT, for Debtor–Respondent.

Brian C. Courtney, Esq., Brown, Rudnick, Freed & Gesmer, P.C., Hartford, CT, for Mobile Investments, LLC, Creditor.

### *RULING ON MOTION FOR RELIEF FROM STAY AND OBJECTION TO MOTION*

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I.

### *ISSUE*

Bankruptcy Code § 502(d) provides, in pertinent part: "[T]he court shall disallow any claim of any entity ... that is a transferee of a transfer avoidable [as a preference] ... unless such entity or transferee has paid the amount ... for which such entity or transferee is liable ...."[1] The

---

1. Section 502 deals with allowance of claims or interests and subsection (d) reads in its entirety as follows:

    Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of

ultimate question in this proceeding, after disposing of some preliminary issues, is the interpretation to be placed on this statute when both the transferor and the transferee of a voidable preference are now insolvent ·bankruptcy estates not pending in the same court, and the transferee has filed a proof of claim in the transferor's estate.

## II.

### BACKGROUND

#### A.

The issue is highlighted by the motion of Goldin Associates, L.L.C., Liquidating Trustee of the Worldwide Direct Liquidating Trust ("the movant") to modify the automatic stay imposed by Bankruptcy Code § 362(a) ("the motion") in the Chapter 7 case of Shared Technologies Cellular, Inc. ("STC"), pending in this court. The movant requests the modification in order that it may obtain a judgment against STC in an action to recover alleged preferential transfers brought in the movant's home bankruptcy court in Delaware. The motion states that the movant intends to utilize such judgment, if obtained, "to be established as a defense to the allowance and payment" of a proof of claim filed by STC ("the STC claim") in the movant's estate unless the judgment when rendered is paid in full. (Mot. at ¶3). The STC trustee objects to the granting of the motion unless the court makes its order subject to the condition that any judgment obtained not be used, pending further order of the court, to disallow the STC claim.

The parties submitted a joint stipulation of facts ("the stipulation") regarding the motion from which much of the following background is derived. The court heard argument on the motion on July 24, 2002, following the receipt of comprehensive briefing.

#### B.

The movant's function as a liquidating trustee arises out of a confirmed Chapter 11 plan in the consolidated bankruptcy cases of SmarTalk TeleServices, Inc. and various subsidiaries, which cases were filed on January 9, 1999 in Delaware ("the SmarTalk Estate"). On January 12, 2001, an adversary proceeding against STC was filed in the Delaware bankruptcy court to recover preferences totaling $234,637. STC at this time was not in bankruptcy, and had filed the STC claim in the amount of $14,000,000 in the SmarTalk Estate. The movant objected to the STC claim, asserting, *inter alia,* that if the judgment obtained in the action to recover the alleged preferences ("the preference judgment") is not satisfied, the STC claim, in accordance with § 502(d), should be disallowed.

STC filed a Chapter 11 petition on September 28, 2001, and this court on February 4, 2002 entered an order converting the case to one under Chapter 7, effective February 13, 2002. Neal Ossen, Esq. became the Chapter 7 trustee ("the STC trustee").

Mobile Investments, LLC ("Mobile") is a creditor of STC holding a claim of some $5,000,000, allegedly secured, in part, by the STC claim. The STC trustee at this time has neither objected to nor accepted the Mobile claim.

The Delaware bankruptcy court has to date authorized a 26–percent interim dividend on allowed unsecured claims. The

this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or

transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

stipulation states that the maximum final dividend in the SmarTalk Estate to unsecured creditors may amount to 78 percent. The movant acknowledges that if the preference judgment were to be satisfied, "the STC claim should be allowed in the limited amount of approximately $1.7 million only as a general unsecured claim." (Stip. at ¶ 14).

## III.

### CONTENTIONS

#### A.

The STC trustee concedes that this court may grant the movant's motion to seek a determination of the existence and amount of STC's preference liability in light of the applicable factors "to be weighed in deciding whether litigation should be permitted to continue in another forum" outlined in *In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990).[2] However, he contends that the court should condition its order so that the movant may not, at this point, also "seek relief under section 502(d)" regarding the STC claim. (Obj. at 9.) He argues that such § 502(d) relief is premature, lacks good cause and would violate Bankruptcy Code priorities in that the STC estate may yield little or no dividend to unsecured creditors.

All parties agree that § 502(d) becomes applicable only *after* a judicial determination of liability on the preference complaint. *See e.g., In re Lids Corp.*, 260 B.R. 680, 684 (Bankr.D.Del.2001) ("[A] debtor wishing to avail itself of the benefits of section 502(d) must first obtain a judicial determination on the preference complaint.").

#### B.

The movant argues that the court should grant its motion, overrule the objection and not condition the order as requested. It contends that resolving the § 502(d) issue is extraneous to the motion and such a ruling would be premature since no preference judgment has been rendered; this court should not issue rulings regarding claims filed in another bankruptcy case pending in a different court; the requested condition amounts to an injunction which can only be obtained in an adversary proceeding; but should this court decide to address the § 502(d) issue, the court must conclude the plain language of the statute should be applied, and if STC or anyone on its behalf does not satisfy the preference judgment in full, the STC claim may be denied.[3]

---

**2.** The *Sonnax* factors are:

(1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms. 907 F.2d at 1286.

**3.** During argument, the movant suggested resolving the impass between the two bankruptcy estates by having Mobile pay the preference judgment to protect its alleged secured interest in the STC claim. Mobile did not accept this suggestion.

## IV.

### DISCUSSION

None of the movant's arguments against conditioning the order are well grounded. To start with, the Second Circuit has recently reaffirmed that "bankruptcy courts have the plastic powers to modify or condition an automatic stay so as to fashion the appropriate scope of relief." *Eastern Refra. Co. Inc. v. Forty Eight Insul. Inc.*, 157 F.3d 169, 172 (2d Cir.1998) (sustaining the bankruptcy court's order granting relief from stay to obtain judgment in a pending district court proceeding, but restricting creditors to collection of judgment to extent covered by insurance); *see also* Bankruptcy Code § 362(d) (providing that "[o]n request of a party in interest ... the court shall grant relief from stay ... such as by terminating, annulling, modifying, or conditioning such stay.") The court believes not only does it possess the power to condition any order it issues, but that such condition does not require the prior commencement of an adversary proceeding, as if such condition were an injunction.

Notwithstanding the movant's contrary argument, the court believes it is the court's responsibility, in ruling on the motion to allow pending litigation to continue, to state the conditions of such modification, even if the court where the pending litigation is located is a bankruptcy court. Without a stay modification, no further action on the pending litigation is possible. *See* § 362(a) (the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of (1) the ... continuation ... of a judicial ... action or proceeding against the debtor ....") As the initial court faced with this § 502(d) issue, there is no plausible reason to delay or to defer a ruling.

The parties represented to the court that the issue of applying § 502(d) in the instance of two insolvent bankruptcy estates is a matter of first impression. The court, in its research, has likewise located no ruling directly apposite. However, the First Circuit has taken the opportunity to examine closely the language of § 502(d). *See Petitioning Creditors of Melon Produce v. Braunstein*, 112 F.3d 1232, 1237–39 (1st Cir.1997). This court finds *Braunstein* both informative and instructive in its conclusions that the overall purpose of § 502(d) is not to punish creditors, and that the "key phrase" in the section is "the amount ... for which such entity or transferee is liable." *Id.* at 1237 (quoting § 502(d)). *Braunstein*, accordingly, upheld a bankruptcy court's determination that when a debtor's estate, after notice and hearing, accepted in settlement less than the full amount of a judgment which the debtor's estate obtained against a creditor in a preference action, § 502(d) did not require that the creditor's proof of claim be disallowed. The settlement amount, not the judgment amount, was the amount for which the "transferee" was "liable." *Id.* at 1239.

At this time in the administration of the STC estate, it is unknown what funds may be available for distribution to unsecured creditors, and, thus, what percentage of the preference judgment may be satisfied. It would be this amount, not the amount of the preference judgment, that STC would be "liable" to pay to the SmarTalk Estate to comply with § 502(d). Whether other methods of setoff between the two estates might be employed, is not a matter to be dealt with in this ruling. *Cf. Roeder v. Climax Molybdenum Co. (In re Old Electralloy Corp.)*, 164 B.R. 501, 505–06 (Bankr.W.D.Pa.1994) (holding that while "[g]enerally, a creditor cannot setoff his claims against his obligation to return a preference, [t]here is a limited exception

where the preferred creditor is entitled to receive a dividend, the dividend can be quickly and easily determined, and the dividend is immediately payable.") (Citations omitted; internal quotation marks omitted.)

 The movant, in support of his reading of § 502(d), relies upon *United States v. Ron Pair Enterprises*, 489 U.S. 235, 240–41, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989), in which the Supreme Court stated "as long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute." The Second Circuit in *In re Emery*, 132 F.3d 892, 895 (2d Cir.1998), cited *Ron Pair* for its further holding that a court may depart from the plain language of a statute if "literal application of the statute will produce a result demonstrably at odds with the intentions of the statute's drafters." (Internal quotation marks omitted.) The *Emery* court then applied a non-literal interpretation of Bankruptcy Code § 727(d) to avoid inconsistent results when the facts of a particular case create a "gap" between provisions. *See* 132 F.3d at 896. In the present matter, as Mobile pointed out during argument, Congress could hardly have intended that the STC trustee lose the right to receive at least $374,400 (26 per cent dividend of $1,400,000 allowable claim) because he cannot first satisfy a maximum $234,637 judgment.

## V.

### *CONCLUSION*

 The motion to modify the automatic stay is granted for the limited purpose of the movant proceeding to seek a judgment in the adversary proceeding in the SmarTalk Estates, being Adversary Proceeding No. 01–25, to recover from STC alleged preferential transfers, and the movant may

not, pending further order of this court determining the dividend to which any such judgment is entitled, use any such judgment to seek relief under § 502(d). It is

SO ORDERED.