In re HANDY & HARMAN REFINING GROUP, INC., Debtor.

Handy & Harman Refining Group, Inc., Plaintiff,

v.

Coeur D'Alene Mines Corporation, Morgan Guaranty Trust Company of New York, Defendants.

Bankruptcy No. 00–20845.

Adversary No. 02–2046.

United States Bankruptcy Court, D. Connecticut.

Oct. 9, 2002.

Stephen M. Kindseth, Nicole L. Barber, Zeisler & Zeisler, PC, Bridgeport, CT, for Debtor–Plaintiff.

Anthony S. Novak, Linda St. Pierre, Chorches & Novak, PC, Patrick J. Kearney, Foley & Lardner, c/o Anthony S. Novak, Chorches & Novak, PC, Wethersfield, CT, Co–Counsel for Coeur D'Alene Mines Corporation.

Joseph L. Clasen, Christopher J. Major, Robinson & Cole, LLP, Stamford, CT, for Morgan Guaranty Trust Company of New York.

*RULING ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME PURSUANT TO FED. R. CIV. P. 56(f)*

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

I.

Handy & Harman Refining Group, Inc., a post-plan confirmation debtor ("HHRG"),[1] on March 26, 2002 brought a complaint ("the complaint") against Coeur D'Alene Mines Corporation ("Coeur") to recover as a preference a prepetition transfer of 100,000 ounces of refined silver by the debtor to Coeur.[2] The complaint was one of approximately 150 similar ac-

---

1. Under HHRG's liquidating plan, confirmed on August 20, 2001, a Liquidating Custodian has been appointed to enforce the Bankruptcy Code's avoiding powers.

2. The complaint also names Morgan Guaranty Trust Company of New York as a defendant.

tions which HHRG filed at about the same time.[3]

Coeur filed its answer to the complaint on or about April 18, 2002, asserting as a special defense that the transaction complained of was done in the ordinary course of business. *See* Bankruptcy Code § 547(c)(2) (providing that an otherwise preferential transfer is not avoidable to the extent it was "made in the ordinary course of business or financial affairs of the debtor and the transferee"). Following the parties' joint submission of their Fed.R.Civ.P. 26(f) planning meeting report, the court, on July 8, 2002, entered a scheduling order setting, *inter alia,* February 17, 2003 as the date by which all discovery shall be completed and March 19, 2003 as the bar date for filing dispositive motions.

The court, on August 8, 2002, granted Coeur's request to file an amended answer. Coeur, on August 23, 2002, filed a motion for summary judgment based upon its ordinary course of business special defense. Pursuant to local rules, such motion requires a memorandum in opposition to be filed within 21 days after the filing of the motion. *See* D. Conn. L. Civ. R. 9(a).

HHRG filed the present motion, with a supporting affidavit, requesting an extension of time to March 2, 2003 to conduct discovery and to respond to Coeur's motion. Coeur filed an objection (1) to the granting of any time extension, and (2) requesting that if HHRG's motion is to be granted (a) the court require HHRG "to immediately pay Coeur outstanding plan payments" and (b) the court allow "a very short time to allow very specific discovery." (Coeur Mem. at 11). Coeur has filed a proof of claim in the bankruptcy estate for $1,711,113.20 and, under HHRG's confirmed plan, the court has authorized a first dividend of 17%, and a second dividend of 13%. Coeur received the first dividend, but HHRG has withheld the second dividend until HHRG's objection to the proof of claim, based upon the complaint, is resolved. *See* Bankruptcy Code § 502(d); *Cf. Goldin Associates, LLC, Liquidating Trustee v. Shared Technologies Cellular, Inc. (In re Shared Technologies Cellular, Inc.),* 281 B.R. 804, 808–09 (Bankr.D.Conn.2002) (recognizing that where court approved partial dividend to unsecured creditors, debtor's estate may withhold dividend to creditor pending resolution of preference action against creditor).

## II.

Fed.R.Civ.P. 56,[4] dealing with summary judgment motions, provides as follows:

(f) *When Affidavits are Unavailable.* Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

HHRG's affidavit in support of its motion, submitted by its attorney, Stephen M. Kindseth, avers that HHRG was one of the world's largest precious metal refiners; that fourteen days before the filing of its bankruptcy petition, HHRG transferred the refined silver to Coeur; that there are over 4,000 boxes of documents as well as computer records to be reviewed by the

---

3. For a detailed background of HHRG's prepetition operation, see *In re Handy & Harman Refining Group, Inc.,* 266 B.R. 24, 26–27 (Bankr.D.Conn.2001).

4. Fed.R.Civ.P. 56 applies in adversary proceedings pursuant to Fed. R. Bankr.P. 7056.

Liquidating Custodian; that such records will require interpretation by persons with specialized and technological knowledge; that these records will show HHRG's past business practices in the refining industry and with Coeur; that it appears HHRG's employees may have transferred refined silver to a few favored customers when HHRG possessed insufficient metal to satisfy all customer obligations; that discovery had not yet been started by any party; and that HHRG needs additional time to depose former employees, Coeur, and other metal customers.

### III.

Coeur, in its objection, contends that HHRG has not sufficiently complied with Second Circuit requirements for relief under Rule 56(f).

> Rule 56(f) requires the opponent of a motion for summary judgment who claims to be unable to produce evidence in opposition to the motion to file an affidavit explaining: (1) the nature of the uncompleted discovery, i.e., what facts are sought and how they are to be obtained; and (2) how those facts are reasonably expected to create a genuine issue of material fact; and (3) what efforts the affiant has made to obtain those facts; and (4) why those efforts were unsuccessful.

*Burlington Coat Factory Wrhse. v. Esprit De Corp.*, 769 F.2d 919, 926 (2nd Cir.1985) Coeur, in an affidavit submitted by Patrick J. Kearney, its attorney, avers that this preference action prevents Coeur from receiving its plan payments, and from resolving litigation which Coeur brought against HHRG and HHRG's prepetition lenders. Coeur's objection posits that for the court, under Rule 56(f), to issue an "order as is just," the court should require HHRG to pay to Coeur the second authorized distribution.

### IV.

The court concludes that HHRG has adequately established a basis for the granting of its motion for extension of time. In addition to the supportable affidavit averments, the court takes into account that Coeur and HHRG agreed to a February 17, 2003 bar date for completion of discovery. To give effect to Coeur's argument in this proceeding would be to negate HHRG's right to rely upon the court order for the period of discovery.[5] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (stating that the purpose of Rule 56(f) is to deal with premature motions for summary judgment by allowing "the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full discovery").

HHRG's motion to extend the time to conduct discovery and to respond to Coeur's motion for summary judgment to March 3, 2003 is hereby granted. Coeur's request that this extension be subject to Coeur receiving the second dividend is denied, as the issue of Coeur's entitlement to the dividend, according to the Kearney affidavit, is the subject of HHRG's objection to claim. It is

SO ORDERED.

---

**5.** As is customary, the court's scheduling order set the bar date for dispositive motions *after* the conclusion of discovery.