**In re SHARED TECHNOLOGIES CELLULAR, INC., Debtor.**

No. CIV. 3:02CV1498(PCD).

United States District Court,
D. Connecticut.

May 19, 2003.

Glory Martyn Lena, W. Joe Wilson, Tyler Cooper & Alcorn, Hartford, CT, Mark

Ralston, Munsch Hardt Kopf & Harr, Dallas, TX, for Goldin Assoc. LLC, appellant.

James J. Tancredi, David M. Bizar, Day, Berry & Howard Cityplace, Brian C. Courtney, Brown Rudnick Berlack Israels, Hartford, CT, for Shared Tech Cellular Inc., Neal Ossen, Trustee, Bankruptcy Estate of Shared Technologies Cellular, Inc., Mobile Investments LLC, appellees.

### RULING ON APPELLANT'S BANKRUPTCY APPEAL

DORSEY, Senior District Judge.

Appellant, Goldin Associates ("Goldin"), appeals from the limited relief of an automatic stay ordered by the United States Bankruptcy Court for the District of Connecticut. For the reasons set forth herein, the decision of the Bankruptcy Court is **affirmed**.

### I. Background

Both parties are insolvent bankruptcy estates with matters pending in two bankruptcy courts (in Connecticut (the "STC BC") and Delaware (the "Delaware BC")). Shared Technologies Cellular, Inc. ("STC"), debtor in the STC BC, voluntarily filed under Chapter 11 of the Bankruptcy Code on September 28, 2001. The case was converted to a Chapter 7 proceeding effective March 11, 2002. Appellee is Chapter 7 Trustee of the STC Bankruptcy Estate.

Appellant is the Liquidating Trustee of Worldwide Direct Liquidating Trust, which is responsible for a liquidating plan confirmed by the Delaware BC in consolidated bankruptcy cases in which SmartTalk Teleservices, Inc. ("SmarTalk"), its subsidiary Worldwide Direct, Inc., and its other direct and indirect domestic subsid-

iaries are debtors in a Chapter 7 liquidation bankruptcy (the "SmarTalk Bankruptcy").

On May 7, 2002, Appellant sought an order modifying the automatic stay, Bankruptcy Code § 362(a), in the STC BC to permit it to prosecute an adversary proceeding (the "Adversary Proceeding") against STC in its own bankruptcy case in Delaware. Appellee objected, unless the STC BC imposed the condition that any judgment obtained not be used, pending further order of the STC BC, to disallow an STC claim under § 502(d) of the Bankruptcy code.

By Order dated August 1, 2002 ("the Order"), the STC BC granted Appellant limited relief from the automatic stay to seek a judgment in the Adversary Proceeding in the Delaware BC. The grant was conditioned on Appellant not using such judgment to seek relief under Bankruptcy Code § 502(d), pending further order of the STC BC determining the dividend to which any such judgment is entitled.[1] The parties and the STC BC have indicated that "the issue of applying § 502(d) in the instance of two insolvent

bankruptcy estates is a matter of first impression." *Goldin Assocs., L.L.C. v. Shared Techs. Cellular, Inc.* (*In re Shared Techs. Cellular, Inc.*), 281 B.R. 804, 808 (Bankr.D.Conn.2002).

## II. Analysis

Appellant argues on appeal: (1) that the STC BC, in modifying the stay to permit the SmarTalk Trustee to prosecute a preference action, erred by conditioning such relief on a prohibition against the SmarTalk Trustee's using any judgment obtained in support of any § 502(d) defense in the SmarTalk bankruptcy case;[2] and (2) that the STC BC erred in exempting STC from 11 U.S.C. § 502(d) because that section expressly applies to STC's claim filed in the SmartTalk bankruptcy in the Delaware BC.

### A. Standard of Review

 A district court has jurisdiction to decide appeals of final orders of the bankruptcy courts under 28 U.S.C. § 158(a). The factual findings of the bankruptcy court are reviewed by the district court for

---

1. The text of the Order is as follows:

The motion of Goldin Associates, L.L.C., Liquidating Trustee of the Worldwide Direct Liquidating Trust, to modify the automatic stay imposed by Bankruptcy Code § 362(a) having been heard, after due notice, and the court having rendered a ruling of even date, in accordance with which the automatic stay is modified for the limited purpose to permit the movant to proceed to seek a judgment in the adversary proceeding in the SmarTalk Estates, being Adversary Proceeding No. 01–25, to recover from Shared Technologies Cellular, Inc., the debtor, alleged preferential transfers, and the movant may not, pending further order of this court determining the dividend to which any such judgment is entitled, use any such judgment to seek relief under Bankruptcy Code § 502(d).

*Goldin Assocs., L.L.C. v. Shared Techs. Cellular, Inc.* (*In re Shared Techs. Cellular, Inc.*), 281 B.R. 804, 809 (Bankr.D.Conn. 2002).

2. More specifically, Appellant contends that (1) the STC BC exceeded its jurisdiction in prohibiting the assertion of an affirmative defense to the STC claim as such claim is pending in the SmarTalk Bankruptcy Case; (2) the STC BC violated principles of comity in prohibiting the SmarTalk Trustee from asserting in the SmarTalk bankruptcy case an affirmative defense under 11 U.S.C. § 502(d) to the STC claim without any showing or finding of cause that STC or its trustee could not litigate issues related to the application of § 502(d) in the SmarTalk bankruptcy case; (3) the STC BC's prohibition constituted the issuance of an injunction which was improper on both procedural and substantive grounds; and (4) the prohibition issued by STC BC is not ripe.

clear error, and the conclusions of law are reviewed de novo. *See* FED. R. BANKR. P. 8013; *National Union Fire Ins. Co. v. Bonnanzio (In re Bonnanzio )*, 91 F.3d 296, 300 (2d Cir.1996). A bankruptcy court's factual findings will only be reversed if the reviewing district court is "left with the definite and firm conviction that a mistake has been committed." *In re Manville Forest Products Corp.*, 896 F.2d 1384, 1388 (2d Cir.1990). A district court may "affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings." FED. R. BANKR. P. 8013.

■ "The decision as to whether the automatic stay will be lifted is committed to the discretion of the bankruptcy judge," and is subject to the abuse of discretion standard on review. *In re Integrated Resources, Inc.*, 91 Civ. 1310, 1992 WL 8335, 1992 U.S. Dist. LEXIS 218 (S.D.N.Y. Jan. 14, 1992) (citing *In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1286 (2d Cir.1990)); *see also In re Mac Donald*, 755 F.2d 715, 716 (9th Cir.1985) ("A decision to lift the automatic stay under 11 U.S.C. § 362 is within the discretion of the bankruptcy judge and reviewed for an abuse of discretion.") (citing *In re Frigitemp Corp.*, 8 B.R. 284 (S.D.N.Y.1981)).

## B. The Automatic Stay's Conditional Relief

Appellant argues that the STC BC erred by prohibiting the SmarTalk Trustee from asserting a defense to a proof of claim filed in another bankruptcy case for the following reasons: (1) the STC BC exceeded its jurisdiction under § 362, and invaded the jurisdiction of the Delaware BC by conditioning its ruling on § 502(d); (2) the STC BC violated principles of comity; (3) the Order was effectively an injunction; and (4) the § 502(d) issue was not ripe.

## 1. Jurisdictional Issues

### a. Bankruptcy Court's Authority Under § 362

■ Appellant argues that the STC BC exceeded its authority under § 362 by ruling on matters extraneous to the relief requested by the movant (namely, in prohibiting the SmarTalk Trustee from seeking relief under 11 U.S.C. § 502(d) in the SmarTalk bankruptcy case in the Delaware BC).

■ 11 U.S.C. § 362(d) provides that "[o]n request of a party in interest the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay ...." "[B]ankruptcy courts have the plastic powers to modify or condition an automatic stay so as to fashion the appropriate scope of relief." *Eastern Refractories Co. v. Forty Eight Insulations*, 157 F.3d 169, 172 (2d Cir.1998); *see also In re Pittsford Polo Club, Inc.*, 188 B.R. 339, 344 (Bankr. W.D.N.Y.1995) (bankruptcy courts are empowered with "broad discretion to fashion relief from the automatic stay"). The statutory language clearly grants bankruptcy courts authority to modify or condition the automatic stay, thereby empowering them to shape relief mindful of the particular circumstances of each case.

Appellant and Appellee disagree on the scope of such broad, plastic powers under § 362(d). Appellant protests that the STC BC exceeded the limits of such broad powers in conditioning its modification of the stay, arguing that it did not seek an order regarding § 502(d). However, the record clearly indicates that in its motion seeking modification of the stay Appellant explicitly stated that "the SmarTalk Trustee asserts that upon judgment granted in favor of the SmarTalk Trustee in the Adversary Proceeding, if the STC Trustee or another

party does not satisfy the judgment, the STC claim should be disallowed in full in accordance with 11 U.S.C. § 502(d)." *Mot. of Goldin Assoc., LLC, for Order Modifying the Automatic Stay*, ¶ 21 (May 15, 2002). In that motion Appellant represented that it "requests this relief for the limited purpose of establishing and liquidating the liability of the STC Estate on the avoidance claims originally held by the SmarTalk Estate, thereby permitting the SmarTalk Trustee to establish the basis of its objection to the STC Claim under [§ ] 502(d)." *Id.* at ¶ 22. Appellant's motion clearly reflects that Appellant explicitly references § 502(d) as relevant to its purpose for seeking modification of the automatic stay. The STC BC recognized this, stating that "[Appellant] objected to the [$14 million] STC claim [in the Delaware BC], asserting, inter alia, that if the judgment obtained in the action to recover the alleged preferences ('the preference judgment') is not satisfied, the STC claim, in accordance with § 502(d), should be disallowed." *In re Shared Techs. Cellular, Inc.*, 281 B.R. at 806.

The § 502(d) issue was clearly raised by Appellant in the STC BC. "Nothing in the [legislative history] indicates that [Congress] intended bankruptcy judges to blind themselves to the existence of factors which might bear on the ultimate resolution of a dispute...." *In re Pappas*, 55 B.R. 658, 660 (Bankr.D.Mass.1985) (internal quotations and citations omitted). Appellee argues that the STC BC acted appropriately when fashioning the relief granted, cognizant of STC's $14 million claim against Appellant, a significant part of STC's estate. *Brief of Appellee*, p. 14 (April 7, 2003).

Here, the STC BC properly considered issues, including § 502(d), it deemed relevant to its decision on whether to modify the automatic stay, and how to "fashion the appropriate scope of relief." The STC BC acted appropriately within its broad powers under § 362.

### b. § 502(d) and Jurisdiction

▮ Appellant contends that any determination of the application of § 502(d) is within the exclusive jurisdiction of the Delaware BC, and that the STC BC acted inappropriately by prohibiting it from asserting a defense under § 502(d) to a proof of claim filed in a bankruptcy case before a different bankruptcy court.

Here, however, the STC BC did not invade the province of the Delaware BC as Appellant suggests. *Brief of Appellant* (October 11, 2002), p. 9. Instead, the STC BC considered the § 502(d) implications when determining whether to modify the automatic stay. The STC BC did not, as Appellant overstates, "preclude the Delaware Bankruptcy Court from disallowing a claim ... pursuant to a mandatory provision in 11 U.S.C. § 502." *Brief of Appellant* (October 11, 2002), p. 9. Instead, the STC BC acted within its broad § 362 powers to fashion the relief deemed appropriate to the unique facts of this case.

Furthermore, a § 362 stay affects proceedings in other, including bankruptcy, courts. The STC BC correctly stated that "[w]ithout a stay modification, no further action on the pending litigation is possible." *In re Shared Techs. Cellular, Inc.*, 281 B.R. at 808 (citing § 362(a) ("the filing of a bankruptcy petition 'operates as a stay, applicable to all entities, of (1) the ... continuation ... of a judicial ... action or proceeding against the debtor ....' ")). Had the STC BC not modified the stay, Appellant would not have been able to determine the amount of its preference claim in the Delaware BC in the first place. By their very natures, automatic stays impact proceedings in other, including bankruptcy, courts. A modification

may alter the impact of a stay, but it does not constitute a distinct, and thus improper, invasion of another impacted court's jurisdiction.

■ Appellant fixates on the words "the court" in the Bankruptcy Code, essentially arguing that the ·Delaware BC is the "home court" for purposes of the § 502(d) disallowance. *Brief of Appellant* (October 11, 2002), p. 9–11. Notwithstanding Appellant's arguments, the STC BC is the origin of the stay, and thus is the "home court" for purposes of the stay and any modifications thereof. Given the unique facts of this case, which both parties and the STC BC deem a matter of first impression, it is inevitable that orders and rulings in one bankruptcy proceeding may have an impact in the other bankruptcy proceeding. Appellant cites nothing in the Bankruptcy Code, nor to any legal authority, and this Court is aware of no such authority, that strips a bankruptcy court of its broad powers under § 362 to modify a stay or to condition any modifications to a stay as the court deems appropriate, even if the modification or condition will impact proceedings in another bankruptcy court.

Accordingly, the STC BC acted appropriately and within its jurisdiction in its ruling and Order modifying the automatic stay.

### 2. Comity Issues

Appellant contends that the STC BC's stay modification violates basic principles of comity. However, as discussed above, in this rather unique fact pattern involving two insolvent bankruptcy estates with matters pending in two different courts, decisions by one bankruptcy court may inevitably have an effect on matters or strategies in the other bankruptcy court. This is analogous to res judicata or collateral estoppel. Nonetheless, the STC BC is empowered to interpret statutes and to modi-

fy a stay pursuant to its broad powers under § 362. The STC BC acted within its proper authority when it construed § 502(d) and permitted Appellant limited relief from the stay imposed by § 362(a)(1).

Appellant cites to *Boston and Maine Corp. v. Chicago Pacific Corp.,* 785 F.2d 562 (7th Cir.1986), but this case does not address the precise issue here. Although *Boston and Maine* involved two insolvent parties with bankruptcy matters pending in different courts, one district court did not wish to follow the other court's disposition of claims. *Boston and Maine Corp.,* 785 F.2d at 567. The Seventh Circuit held that "[a]t all events, we must respect the First Circuit's disposition of claims in the Boston & Maine's bankruptcy, just as that court surely will respect our disposition of claims in the Rock Island's." *Id.* Here, the issue is not whether one court is or is not respecting the disposition of claims in the other court. The STC BC has not ruled in any manner contrary to any ruling of the Delaware BC. The STC BC has merely exercised its broad authority under § 362.

Accordingly, the STC BC acted appropriately and not in violation of principles of comity.

### 3. Whether the Modification Was an Injunction

Appellant contends that the condition imposed on the stay modification transformed it into an injunction. Appellant argues that "[h]ad the SmarTalk Trustee been able to liquidate its claim to judgment before STC filed for bankruptcy relief, the automatic stay initiated by the filing of this case would *not* have barred in ·any way the SmarTalk Trustee's use of such judgment in raising its [§ ] 502(d) defense to the STC claim." *Brief of Appellant* (October 11, 2002), p. 13. These

are not the facts of this case. Furthermore, Appellant identifies no legal authority for the proposition that the STC BC's modification to an automatic stay is an injunction.

■ Pursuant to its broad powers, the STC BC has the authority to impose conditions on modifications of its automatic stays. Its exercises of these powers does not transform the modification into an adversary proceeding or an injunction.

### 4. Whether Ruling on § 502(d) was Premature

■ Appellant argues that the STC BC's Ruling on § 502(d) was premature, because § 502(d) only becomes applicable after a judicial determination of liability. The STC BC acknowledged that "[a]ll parties agree that § 502(d) becomes applicable only *after* a judicial determination of liability on the preference complaint." *In re Shared Techs. Cellular, Inc.*, 281 B.R. at 807.

However, as Appellee notes, the STC BC did not decide that the SmarTalk Trustee cannot ever assert § 502(d). Instead, the STC BC determined that it would not grant relief from the stay and thereby enable the SmarTalk Trustee to pursue relief under § 502(d) prior to determination of what funds would be available to unsecured creditors of the STC Estate. Thus the amount of a preference judgment for which STC may be "liable" under § 502(d) could be completely determined. Exercising its broad powers under § 362, the STC BC modified the stay for a very limited purpose.

The STC BC acknowledged that

At this time in the administration of the STC estate, it is unknown what funds may be available for distribution to unsecured creditors, and, thus, what percentage of the preference judgment

may be satisfied. It would be this amount, not the amount of the preference judgment, that STC would be 'liable' to pay to the SmarTalk Estate to comply with § 502(d).

*In re Shared Technologies Cellular, Inc.*, 281 B.R. 804, 808 (Bankr.D.Conn.2002).

As noted earlier, Appellant referred to § 502(d) repeatedly in its motion for relief from the stay. Accordingly, the STC BC properly considered this issue when it conditioned its modification of the stay. The STC BC's consideration of § 502(d) in the context of fashioning the scope of its modification to the stay was not premature. The STC BC found § 502(d) to be a relevant factor in determining whether to grant relief from the stay, and to whether and how to fashion the scope of a stay appropriately. The STC BC did not allow or disallow § 502(d) liability; instead, it considered § 502(d) in determining the proper scope of its stay modification.

Accordingly, the STC BC did not prematurely consider § 502(d).

### C. Construction of § 502(d)

■ Appellant contends that the STC BC erred in interpreting § 502(d), because if a judgment is granted in favor of the SmarTalk Trustee on its preference claim, STC is required to either repay the preference payment received or have its claim disallowed.

Section 502(d) provides that:

Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such proper-

ty, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

The language of § 502(d) is seen as "not complex." *Petitioning Creditors of Melon Produce v. Braunstein,* 112 F.3d 1232, 1237 (1st Cir.1997). "The key phrase in this inquiry is 'the amount ... for which such entity or transferee is liable ...'" *Id.* at 1237 (quoting 11 U.S.C. § 502(d)).

Appellant argues that clearly, once preference liability is found by the Delaware BC, § 502(d) is mandatory. Appellee contends that the STC BC correctly determined that the amount for which STC "is liable" ultimately depends on the STC BC's determination of what funds may be available for distribution. The STC BC stated that "[a]t this time in the administration of the STC estate, it is unknown what funds may be available for distribution to unsecured creditors, and, thus, what percentage of the preference judgment may be satisfied. It would be this amount, not the amount of the preference judgment, that STC would be 'liable' to pay to the SmarTalk Estate to comply with § 502(d)." *In re Shared Techs. Cellular, Inc.,* 281 B.R. at 808. Accordingly the stay relief was limited in cognizance of this concern. In doing so, the STC BC considered the underlying policies of the Bankruptcy Code in construing this unique fact pattern. Because STC is currently in bankruptcy, it currently can pay out *nothing* until the STC BC allows such claims and determines the amount of distributions to creditors.[3] The STC BC correctly noted that in the context of two bankruptcy matters pending in two different bankruptcy courts, where each party is a debtor in one case and a creditor in another, it is

contrary to the spirit of the Bankruptcy Code and to Congress' intent "that the STC trustee lose the right to receive at least $374,400 (26 per cent dividend of $1,400,000 allowable claim) because he cannot first satisfy a maximum $234,637 judgment." *In re Shared Techs. Cellular, Inc.,* 281 B.R. at 809.

"[A]s long as the statutory scheme is coherent and consistent, there *generally* is no need for a court to inquire beyond the plain language of the statute." *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 240–41, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (emphasis added). Nonetheless, a court may depart from the plain language "if literal application of the statute will produce a result demonstrably at odds with the intentions of [the statute's] drafters." *Id.* at 242, 109 S.Ct. 1026. *See also Citibank, N.A. v. Emery (In re Emery),* 132 F.3d 892, 895 (2d Cir.1998) (stating same).

In *In re Davis,* 889 F.2d 658 (5th Cir. 1989), the issue presented was whether § 502(d) applied in a case involving a § 553 setoff. Instead of construing § 502(d) in isolation, it was held that "[t]he touchstone of this appeal is the applicability of [§ ]502(d) *to this fact pattern.*" *In re Davis,* 889 F.2d at 661 (emphasis added). § 502(d) was seen as intended to have a coercive effect and to be punitive. *In re Davis,* 889 F.2d at 661 ("The legislative history and policy behind [§] 502(d) illustrates that the section is intended to have the coercive effect of insuring compliance with judicial orders."). It was reasoned that "[g]ranted, [§] 502(d) should be used when something more than a gentle influence is needed, but penalization ... when the debtor stood ready, willing, and able is

**3.** Appellee states that "no funds can be paid out of STC's Bankruptcy Estate until such claims are allowed and the amount of distributions to unsecured creditors from STC's

Estate are determined by the STC Bankruptcy Court." *Brief of Appellee,* p. 11 (April 7, 2003).

not the proper application of [§ ] 502(d)." *Id.* at 662. It was further noted that "[i]n this case the distinction between coercion and penalization is an important one." *Id.*

Although the present case does not involve a § 553 setoff, the rationale of *In re Davis* applies, and "the distinction between coercion and penalization" is important here as well. The STC BC carefully considered the facts of these two insolvent parties with cases pending in two bankruptcy courts, and determined that Congress did not intend a bankruptcy estate, in which it was not determined what funds may be available for creditors and where it could currently pay nothing, to lose its right to receive at least $374,400 because it could not first satisfy a maximum $234,637 judgment.[4] This is not a case where STC is trying to "evade" its preference liability, as Appellant suggests. *Reply Brief of Appellant,* p. 11 (April 28, 2003). Once the STC BC determines what STC funds will be available for distribution to creditors, STC will be in a position to satisfy a preference judgment.

 Furthermore, "Congress intended some play in the joints" of § 502(d). *Melon Produce,* 112 F.3d at 1237. Appellant suggests that such "play in the joints" should be narrowly limited to the facts of *Melon Produce,* which involved a court-approved settlement, in which the settlement amount, and not the preference judgment amount, was the amount for which the transferee was liable. *Id.* at 1239. Rather than viewing the "play in the joints phrase" in isolation as a broad grant of discretion, Appellant urges the Court to consider the entire sentence, which reads as follows: "We believe that Congress intended some play in the joints and that a court-approved settlement of such a judgment satisfies the requirement that the preferential transferee has paid that for which he is liable." *Melon Produce,* 112 F.3d at 1239. However, the court merely stated that a court-approved settlement is one scenario eligible for such "play in the joints." Nothing in this language suggests that a court-approved settlement is the *only* occurrence worthy of "play in the joints." Here, exercising "play in the joints" in the unique context of two insolvent bankruptcy estates pending in different bankruptcy courts is consistent with legislative intent and the underlying policies of the Bankruptcy Code. As the purpose of § 502(d) is to coerce the payment of preference judgments, such purpose is not implicated where the party allegedly owing the preference is in bankruptcy court and consequently cannot presently pay the preference judgment as a matter of law. *Brief of Appellee,* p. 11 (April 7, 2003) ("no funds can be paid out of STC's Bankruptcy Estate until such claims are allowed and the amount of distributions to unsecured creditors from STC's Estate are determined by the STC Bankruptcy Court.").

The STC BC did not err in construing § 502(d), taking into consideration the legislative intent and the particular facts before it.

## III. Conclusion

The Decision of the STC Bankruptcy Court is **affirmed** as set forth herein. The Clerk shall close the file.

SO ORDERED.

---

4. Furthermore, the STC BC noted that Appellant "acknowledges that if the preference judgment were to be satisfied, 'the STC claim should be allowed in the limited amount of approximately $ 1.7 million only as a general unsecured claim.' " *In re Shared Techs. Cellular, Inc.,* 281 B.R. at 807 (quoting Stip. ¶ 14).