**In re LIDS CORPORATION, Debtor.**

**No. 01–0021 (MFW).**

United States Bankruptcy Court,
D. Delaware.

April 6, 2001.

Thomas D. Walsh, McCarter & English, LLP, Wilmington, DE, for Michael Doukas Associates.

Robert Dehney, Jason Staib, Morris, Nichols, Arsht & Tunnell, LLP, Wilmington, DE, for Official Committee of Unsecured Creditors.

Maria D. Giannarakis, Office of the United States Trustee, Philadelphia, PA.

## *OPINION* [1]

MARY F. WALRATH, Bankruptcy Judge.

Before the Court is the request of Michael Doukas Associates ("Doukas") for immediate payment of an allowed administrative expense claim and the Debtor's objection thereto. For the reasons set forth below, we grant Doukas' request and direct the Debtor to pay Doukas $136,196.02.

### I. *BACKGROUND*

The Debtor is one of the world's largest hat retailers. Pre-petition, Doukas and the Debtor entered into a service contract pursuant to which Doukas digitally photographed each of the Debtor's hats so that the digital pictures could be placed on the Debtor's website. The agreement provided that the Debtor would remit a one-time payment to Doukas in exchange for granting the Debtor permanent rights to use the pictures. Pre-petition, the Debtor downloaded the photographs from Doukas to the Debtor's website and the Debtor has continued to use Doukas' pictures on their website since the filing of the Debtor's petition on January 4, 2001.

On February 2, 2001, Doukas filed a motion seeking an order either (a) lifting the automatic stay to pursue a suit for

Michael R. Lastowski, Duane, Morris & Heckscher, LLP, Wilmington, DE, for Debtor.

---

**1.** This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052, which is made applicable to contested matters by Federal Rule of Bankruptcy Procedure 9014.

copyright infringement in Massachusetts, (b) directing the Debtor to pay for the use of the pictures as an administrative expense, or (c) enjoining the Debtor from using the pictures. After a hearing on March 14, 2001, we concluded that Doukas was entitled to payment as an administrative expense. The parties' contract provided that payment in full was due for any use of the photographs. Because the Debtor continued to use the photographs post-petition and that use benefitted the estate, we concluded that Doukas' claim was entitled to administrative expense status pursuant to section 503(b)(1)(A). We subsequently determined the Debtor owed Doukas $121,214.46 as an administrative expense.[2]

At the conclusion of the hearing, the Debtor asserted that it believed that Doukas was liable to the estate for a preference and asked for a continuance to permit it to determine the amount. We granted a one-week continuance to permit the parties to determine the facts and see if a consensual resolution was possible. The Debtor subsequently filed an adversary proceeding pursuant to section 547 against Doukas seeking recovery of $139,000. At the continued hearing on Doukas' administrative claim, held on March 23, 2001, the Debtor asserted that, pursuant to section 502(d), it need not remit any payment to Doukas until Doukas repays the asserted preference.

At the conclusion of the hearing, we directed the parties to submit post-argument briefs.

## II. *JURISDICTION*

This Court has jurisdiction over this Motion, which is a core proceeding pursuant to 28 U.S.C. § 1334 and § 157(b)(2)(A), (B), and (O).

## III. *DISCUSSION*

The Debtor asserts that no administrative claim can be allowed or paid to Doukas until Doukas satisfies the preference claim the Debtor has against him. The Debtor relies on section 502(d) which provides:

> Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

In response, Doukas cites Judge Walsh's decision in *Camelot Music, Inc. v. MHW Advertising and Public Relations, Inc.* (*In re CM Holdings, Inc.*), slip. op., Adv. No. 97–9(PJW), (Bankr.D.Del. August 28, 2000). In *CM Holdings*, the Court concluded that administrative expense claims "are not within the purview of § 502(d)." *Id.* at 34–38. In so holding, the Court examined the context in which section 502(d) applies to some, but not all, post-petition claims. Further, the Court considered a number of Code provisions which distinguish between administrative and other types of claims.

■ First, the Court applied the statutory interpretation doctrine of *expressio unius est exclusio alterius*.[3] Section 502

---

2. This was less than the one-time payment provided in the parties' contract and was calculated on the percentage of the photographs which Doukas proved the Debtor had actually used post-petition.

3. This translates as: to express or include one thing is to exclude the other. Black's Law Dictionary 602 (7th ed.1999).

generally deals only with the allowance of pre-petition claims.[4] Section 502, however, does identify five types of post-petition claims, contained in subsections 502(e)(2), (f), (g), (h) & (i), which:

> shall be allowed under subsection (a), (b), or (c) of this section or disallowed subsection (d) of this section, the same as if the claim had become fixed before the date of filing of the petition.

The result is that although those claims arise post-petition, they are treated as pre-petition claims and section 502(d) expressly applies. The *CM Holdings* Court concluded that, because section 502(d) expressly applies to *some* post-petition claims, it suggests that section 502(d) was not intended to apply to *every* post-petition claim. *Id.* at 34–36.

Second, the *CM Holdings* Court examined sections 101(10), 343(d) and 501 which distinguish between pre-petition, post-petition, and administrative claims. *Id.* at 36–38. Those differences, the Court concluded, demonstrate the preferred treatment which administrative claims receive under the Code. The Court found that applying section 502(d) would subvert the priority (and therefore the incentive for potential creditors to do business with debtors) which the Code provides to administrative claims.

The Debtor's brief focuses on two issues. First, the Debtor asserts that *CM Holdings* was incorrectly decided, and second, the Debtor asserts that Doukas' claim arose pre-petition but became due post-petition. Therefore, its claim should be

treated like a pre-petition claim even if it is classified as an administrative claim.

The Debtor asserts that applying section 502(d) to all administrative expense claims is not inconsistent with the express application of section 502(d) to some of the claims. The case upon which the Debtor primarily relies is *Tidwell v. Atlanta Gas Light Co. (In re Georgia Steel, Inc.)*, 38 B.R. 829 (Bankr.M.D.Ga.1984). In *Georgia Steel*, the Court determined that status as an administrative claimant had no bearing on whether section 502(d) was applicable. *Id.* at 839. In so concluding, the Court relied upon earlier decisions based upon section 57g of the Bankruptcy Act.[5] The Court stated that section 502(d) of the Code "basically tracks section 57g of the Bankruptcy Act." *Id.* at 840 n. 8 (*citing* Collier on Bankruptcy ¶ 502.04 (15th ed.1983)). The Court therefore concluded that the claimant was not entitled to set off its administrative expense against an avoidance action recovery by the trustee, but was required to pay the preference before its administrative claim could be allowed.

We decline to follow *Georgia Steel*. Rather, we agree with Judge Walsh's analysis in *CM Holdings* that administrative expense claims are accorded special treatment under the Bankruptcy Code and are not subject to section 502(d). In particular, we conclude that Judge Walsh's statutory analysis is correct. Congress' inclusion of five post-petition claims to which section 502(d) expressly applies (none of which are applicable here) demonstrates that section 502(d) does not

---

4.  *See* 11 U.S.C. § 502(a), (b) & (c). *See also*, section 503 which defines post-petition claims.

5.  Section 57g provided:
    The claims of creditors who have received or acquired preferences, liens, conveyances, transfers, assignments or encumbrances, void or voidable under this title, shall not be allowed unless such creditors shall surrender such preferences, liens, conveyances, transfers, assignments, or encumbrances.

apply to other post-petition claims. We also agree that extension of section 502(d) to administrative claims could have devastating effects on a debtor's ability to reorganize. If trade vendors felt that a preference could be used to prevent the payment of their administrative claims, they would be extremely reluctant to extend post-petition credit to a chapter 11 debtor.

The Debtor additionally argues that Doukas' claim is a pre-petition claim and, therefore, should be treated like any other pre-petition claim. The Debtor relies upon *In re Eye Contact,* 97 B.R. 990 (Bankr.W.D.Wis.1989), to support its position that section 502(d) provides that Doukas is not entitled to keep any administrative allowance to the extent that it may be liable for a preference action. In *Eye Contact,* the issue was not whether section 502(d) applied to administrative claims, but whether it applied to a pre-petition priority wage claim. Therefore, it is not applicable. Further, we have already determined that Doukas has an administrative expense claim. To the extent the Debtor is rearguing its position on this point, we reject it.

 There is an additional reason to overrule the Debtor's objection. The Debtor does not have a final judgment on its preference complaint. To disallow a claim under section 502(d) requires a judicial determination that a claimant is liable. *See, e.g., Creditors of Melon Produce, Inc. v. Braunstein,* 112 F.3d 1232, 1237 (1st Cir.1997) ("the key phrase in this inquiry is 'the amount ... for which such entity or transferee is liable'"). Therefore, a debtor wishing to avail itself of the benefits of section 502(d) must first obtain a judicial determination on the preference complaint. *See Campbell v. United States (In re Davis),* 889 F.2d 658, 662 (5th Cir.1989) (section 502(d) "is designed to be triggered after a creditor has been afforded reason-

able time in which to turn over amounts adjudicated to belong to the bankruptcy estate"); *In re Mountaineer Coal Co., Inc.,* 247 B.R. 633, 641 (Bankr.W.D.Va. 2000) (section 502(d) "would not appear applicable unless and until a finding under one of the cited sections had been made and then the claimant had failed to comply with such ruling"). Here, the Debtor has merely commenced an adversary proceeding; that is not enough to determine that Doukas is liable. The fact that the Debtor states that it is confident that it will be successful in the preference action is immaterial. Until the Debtor obtains a judgment against Doukas upon which Doukas is liable for a preference, section 502(d) is not applicable.

## IV. CONCLUSION

For the foregoing reasons, we grant Doukas' request for immediate payment of an allowed administrative expense claim.