**In the matter of DURANGO GEORGIA PAPER COMPANY; Durango Georgia Converting Corporation; Durango Georgia Converting, LLC, Debtor.**

**Beasley Forest Products, Inc.; Beasley Timber Management, LLC; Triple H Specialty Company; Millwood Timber, Inc.; Triple Oak Land & Timber, Inc.; Andrews Land & Timber, Inc.; and Durden Timber Company, Inc., Movants,**

**v.**

**Durango Georgia Paper Company; Durango Georgia Converting Corporation; Durango Georgia Converting, LLC, Respondents.**

No. 02–21669.

United States Bankruptcy Court,
S.D. Georgia,
Savannah Division.

June 6, 2003.

Ward Stone, Thomas M. Browder, III, Macon, GA, for Movants.

Michael M. Beal, Columbia, SC, for Respondents.

### MEMORANDUM AND ORDER ON MOTION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES

LAMAR W. DAVIS, JR., Bankruptcy Judge.

The Movants in this action filed an involuntary Chapter 7 case against Respondent Durango Georgia Paper Company, which case was subsequently converted to Chapter 11. The other Respondents also filed Chapter 11 cases, and those cases were administratively consolidated with Durango's case. During the process of filing and prosecuting the involuntary petition, and during the period prior to the organization of an Official Committee of Unsecured Creditors, Movants incurred attorneys' fees and other professional fees and expenses. Movants now seek reimbursement of those fees and expenses pursuant to 11 U.S.C. § 503(a) and (b)(3)-(4).

The Respondents (collectively, "Debtor") object to the allowance of Movants' administrative expenses. Debtor concedes that the expenses at issue are reasonable and qualify for reimbursement under § 503. (Debtor's Obj. ¶¶ 3, 4; Debtor's Resp. Br. at 8 (filed Apr. 11, 2003)). Debtor contends, however, that those expenses are subject to disallowance pursuant to § 502(d) because Debtor anticipates initiating preference actions against some or all of the Movants.

This matter is a core proceeding under 28 U.S.C. § 157(b) in which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(a) and the general order of reference of the District Court for the Southern District of Georgia.

### MEMORANDUM OF LAW

Movants request payment of administrative expenses under authority of the following subsections of 11 U.S.C. § 503:

(a) An entity may timely file a request for payment of an administrative expense . . . .

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including–

. . .

(3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by—

(A) a creditor that files a petition under section 303 of this title;

.  .  .  .  .

(4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under paragraph (3) . . . .

11 U.S.C. § 503(a), (b)(3) & (4).

Debtor's objection is based upon § 502(d), which provides in pertinent part:

(d) Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section . . . 550 . . . of this title or that is a transferee of a transfer avoidable under section . . . 547, 548 . . . of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section . . . 550 . . . of this title.

*Id.* § 502(d).

### I. ANALYSIS

■  The legal issue is whether expenses which qualify for allowance under § 503 are subject to disallowance under § 502(d). There is no controlling precedent binding

this Court in this matter, and there is no consensus in available persuasive case law.[1] Accordingly, the Court's focus is the context, structure, and language of § 502, § 503, and related statutory sections.

## A. PURPOSE AND SCOPE OF SECTIONS 501, 502, AND 503

Sections 501 and 502 work together. Section 501 (entitled "*[f]iling* of proofs of claims or interests") provides for timely *filing* of creditors' proofs of claim and equity security holders' proofs of interest, *id.* 501(a), (b), (c), but does not provide for *allowance* of such claims and interests. Allowance or disallowance of those claims and interests is provided in § 502 (entitled "*[a]llowance* of claims and interests").

The first two subsections of § 502 are "allowance" provisions regarding claims filed under § 501:

(a) A claim or interest, proof of which is filed under section 501 ... is deemed allowed, unless a party in interest ... objects.

(b) Except as provided in subsections (e)(2), (f), (g), (h), and (i) of this section, if such objection to a claim is made, the court ... shall determine the amount of such claim ... as of the date of the filing of the petition, and shall allow such claim in such amount [subject to certain limitations].

11 U.S.C. § 502(a), (b). Thus, subsection (a) governs claims filed in accordance with § 501 to which no objection is raised, and subsection (b) governs claims filed in accordance with § 501 to which an objection is raised. Subsection (b) additionally provides that the allowed amount of *certain* claims—those enumerated in subsections (e)(2) through (i)[2]—are not to be deter-

---

1. *Compare In re Lids Corp.*, 260 B.R. 680, 683 (Bankr.D.Del.2001) (Walrath, J.) (holding that "administrative expense claims are accorded special treatment under the Bankruptcy Code and are not subject to section 502(d)"); *Camelot Music, Inc. v. MHW Adver. and Pub. Relations, Inc. (In re CM Holdings, Inc.)*, 264 B.R. 141, 159 (Bankr.D.Del.2000) (Walsh, C.J.) ("[A]ttempts to apply the coercive effect of § 502(d) in an effort to dislodge preference payments by disallowing otherwise legitimate administrative expenses payments under § 503 subverts the priority scheme in bankruptcy to no practical effect."), *with Microage, Inc. v. Viewsonic Corp. (In re Microage, Inc.)*, 291 B.R. 503, 508 (9th Cir. BAP 2002) ("[Section] 502(d) may be raised in response to the allowance of an administrative claim."); *Tidwell v. Atlanta Gas Light Co. (In re Georgia Steel, Inc.)*, 38 B.R. 829, 839–40 (Bankr. M.D.Ga.1984) (holding that § 502(d) applies to prevent payment of any part of administrative expenses due creditor until preferential property transfer is recovered).

2. Those subsections provide:
(e)(2) A claim for reimbursement or contribution ... that becomes fixed after the commencement of the case ... shall be allowed under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) of this section, the same as if such claim had become fixed before the date of the filing of the petition.
(f) In an involuntary case, a claim arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee and the order for relief ... shall be allowed under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition.
(g) A claim arising from the rejection ... of an executory contract or unexpired lease of the debtor that has not been assumed ... shall be allowed under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition.
(h) A claim arising from the recovery of property ... shall be allowed under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition.

mined as of the date of filing. *See id.* § 502(b). Instead, the amounts of those claims are each to be determined post-petition but are to be treated "the same as if such claim had become fixed before the date of the filing of the petition," *id.* § 502(e)(2), (f), (g), (h), & (i), and then allowed or disallowed in accordance with the appropriate provision of § 502.

Subsection (d) is a "disallowance" provision in § 502. As such, it sets out conditions for overriding allowance that otherwise would be granted under subsections (a) or (b), including the post-petition claims. *See id.* § 502(d) ("Notwithstanding subsections (a) and (b) of this section, the court shall disallow . . . ."). Those post-petition claims, as well as the pre-petition claims for which allowance or disallowance is expressly governed under § 502, are claims whose *filing* is expressly governed by § 501. Thus, post-petition claims enumerated and described in § 502 require proofs of claim under § 501, and those claims must be either allowed or disallowed under § 502.

The titles, cross references, and consistent terminology within sections 501 and 502 indicate that they are complements which together provide for filing and allowing pre-petition claims and certain enumerated types of post-petition claims.

Unlike sections 501 and 502, § 503 needs no complement in providing for payment administrative expenses, in that it provides both for filing *and* allowance of requests for administrative expenses. Section 503 employs terminology that further sets it apart from sections 501 and 502 in purpose and meaning: A party seeking payment under § 503 is to file a "request," rather than a "proof," and the payment to be requested is an "expense," rather than a "claim."

Section 507, which sets out the priority for rights to payment, also selectively utilizes the terms "expense" and "claim." It refers in its first phrase to "expenses *and* claims," *id.* § 507(a), then assigns to the first priority position "administrative *expenses* allowed under section 503(b)," followed by the listing of other rights to payment in its multiple sections, each of which expressly refers to various *"claims."* [3]

---

(i) A claim that does not arise until after the commencement of the case for a tax entitled to priority . . . shall be allowed under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition.

11 U.S.C. § 502(e)(2)—(i).

**3.** Section 507(a) provides:

The following *expenses and claims* have priority in the following order:
    (1) First, administrative *expenses* allowed under section 503(b) of this title, and any fees and charges assessed against the estate under chapter 123 of title 28.
    (2) Second, unsecured *claims* allowed under section 502(f) of this title.
    (3) Third, allowed unsecured *claims* [of individuals or corporations] . . . earned within 90 days before the date of the filing of the petition or the date of the cessation of the debtor's business . . . for [wages, salaries, and commissions] . . . .
    (4) Fourth, allowed unsecured *claims* for contributions to an employee benefit plan . . . .
    (5) Fifth, allowed unsecured *claims* of [certain grain producers and fisherman] . . . .
    (6) Sixth, allowed unsecured *claims* of individuals . . . arising from the deposit . . . of money [for certain purchases or services] . . . that were not delivered or provided.
    (7) Seventh, allowed *claims* for debts to a spouse, former spouse, or child of the debtor . . . .
    (8) Eighth, allowed unsecured *claims* of governmental units . . . .
    (9) Ninth, allowed unsecured *claims* based upon any commitment by the debt-

■ This Court recognizes that "expenses" and "claims" are not mutually exclusive labels throughout all Chapters and sections of the Bankruptcy Code, in that several provisions sweep "administrative expenses" within the "claims" label. *See id.* § 766(h) & (i)(2) (referring to "claims of a kind specified in section 507(a)(1) of this title," which claims are labeled "administrative expenses" in § 507(a)(1)); § 546(c)(2) (referring to "claim of a kind specified in section 503(b) of this title"); *Microage, Inc. v. Viewsonic Corp. (In re Microage)*, 291 B.R. 503, 508 (9th Cir. BAP 2002) (correctly listing following title 11 sections as alluding to administrative expenses as type of "claim": § 346(e), § 348(d), § 726(b) & (c), § 1226(a), § 1326(a)(2) & (b)(1), § 752(a), and § 1123(a) (1)). These references simply reflect that the Bankruptcy Code's definition of "claim" broadly includes any right to payment. *See id.* § 101(5). They do not, however, override the more meaningful and specific utilization of two distinct terms—"expense" and "claim"—within the subchapter in which both sections 502 and 503 are located.[4]

## B. PLAIN MEANINGS OF SECTIONS 502 AND 503

Neither the language of § 502(d) nor the language of § 503 indicates that § 503's allowance is conditioned upon surviving a § 502(d) challenge. To the contrary, the structure and language of § 502 as a whole and, in particular, the introductory "notwithstanding" language employed in § 502(d), indicate that the only claims to which subsection (d) applies are those that would otherwise have been allowed pursuant to subsections (a) and (b): pre-petition claims filed in accordance with § 501 and post-petition claims identified in § 502(e)(2) through (i), each of which states that the specified claim "shall be allowed under subsection (a), (b), or (c)" or "disallowed under subsection (d)" of § 502.

While the language of § 502 expressly applies to claims filed under § 501, § 502 contains no language connecting it with allowance or disallowance of § 503 administrative expenses. Likewise, § 503 contains no provision conditioning allowance of its administrative expense claims upon § 502(d). In fact, § 503 contains no reference to § 502 whatsoever except to specify that "claims allowed under section 502(f)" are *not* governed by § 503's mandatory allowance.

To construe § 502(d)'s disallowance as applicable to expenses allowable under § 503—a section with its own scope, purpose, and conditions—is to expand the scope of § 502(d)'s disallowance beyond its plain meaning. *See Camelot Music, Inc. v. MHW Adver. & Pub. Relations, Inc. (In re CM Holdings, Inc.)*, 264 B.R. 141, 158 & n. 8 (Bankr.D.Del.2000) (invoking *"affirmatio unius exclusio est alterius"* principle and noting that "by negative implication," drafters did not intend administrative expense claims to be subject to § 502(d)); *accord, In re Lids Corp.*, 260 B.R. 680, 683 (Bankr.D.Del.2001). Subsection 502(d)'s context makes it clear that § 502(d) is to apply only to claims for which proofs must be filed under § 501,

---

or to a Federal depository institutions regulatory agency. . . .
*Id.* § 507(a) (emphases added).

4. The headings of sections 502 and 503 further indicate the intended scope and meaning of those sections. Section 502 is titled "[a]llowance of claims or interests," whereas

§ 503 is titled "[a]llowance of administrative expenses." Statutory section headings "are tools available for the resolution of a doubt about the meaning of a statute." *Almendarez–Torres v. United States*, 523 U.S. 224, 234, 118 S.Ct. 1219, 1226, 140 L.Ed.2d 350 (1998).

not to requests for expenses filed under § 503.

Even more significant is the fact that both allowance under §. 503 and disallowance under § 502(d) are provided in *mandatory* language. In § 503, the "expenses" that "*shall be allowed*" include § 503 administrative expenses, and section 502(d) contains similar mandatory language in providing that the court "*shall disallow*" certain claims. There is no statutory basis for determining that § 502(d) operates to change the *mandatory* allowance of payment of administrative expenses pursuant to § 503(b)(3) and (4) into *conditional* allowance. Neither section contains a qualifying clause: Section 502(d) does not provide for overriding § 503's mandatory allowance, and § 503 does not make its mandatory allowance subject to § 502(d)'s mandatory disallowance.

█ Absent a qualifying clause, one mandatory statutory provision should not be presumed to trump another mandatory provision. *See Marsano v. Laird,* 412 F.2d 65, 70 (2d Cir.1969) ("[A]n interpretation which emasculates a provision of a statute is not to be preferred."). *But see Microage,* 291 B.R. at 512 (characterizing § 502(d) as "affirmative defense" to § 503 claim). To subject requests filed under § 503, which also provides for their allowance, to disallowance under authority of § 502 discounts the plain meanings of both sections and unnecessarily requires resolution of a "conflict" between sections 502 and 503.

## II.  CONCLUSIONS OF LAW

Pursuant to the above analysis, I make the following Conclusions of Law:

1. *Sections 501 and 502 are complementary sections which together provide for filing and allowing prepetition claims and certain enumerated types of post-petition claims.*

2. *Section 503, which needs no complement, is set apart from sections 501 and 502 by its scope and its terminology.*

3. *To subject administrative expense requests filed under § 503, which also provides for their allowance, to preemptive disallowance under authority of § 502 discounts the plain meanings of both sections.*

4. *Section 502(d) does not apply to administrative expenses that are allowable under § 503.*

### ORDER

IT IS THE ORDER OF THIS COURT that Movants' request for administrative expenses is GRANTED.